**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. TDC-18-0012 |
| | * |
| MARK LAMBERT, | * |
| | * |
| | * |
| Defendant | * |
| | * |

*******

**SECOND JOINT MOTION TO EXCLUDE TIME PURSUANT TO 18 U.S.C. § 3161(h)(7)**

The United States of America and the Defendant, Mark Lambert ("Lambert"), hereby jointly request, pursuant to 18 U.S.C. § 3161(h)(7), a second, continuing Order to exclude the time period between the date of the March 5 initial status conference and the scheduled May 30, 2018 follow-up status conference in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c), and in support thereof submits the following:

1. On January 10, 2018, a federal grand jury in the District of Maryland returned a sealed eleven count Indictment that charged Lambert with conspiracy, substantive violations of the Foreign Corrupt Practices Act, wire fraud, and money laundering. (*See* ECF 1 (Indictment).) The Indictment also contained a forfeiture allegation. (*See id.*)

2. Lambert had his initial appearance on January 12, 2018, and the Indictment was unsealed on the same day. On January 25, 2018, this Court issued a Scheduling Order, setting a motions' deadline for March 1, 2018 and a status conference for March 5, 2018 at 2:00 p.m. (ECF 4 (Scheduling Order).) On February 20, 2018, this Court signed an Order tolling the Speedy Trial clock. ECF 20. Defendant has now filed an unopposed Motion to extend the motion's deadline

1

to allow time to review the voluminous discovery materials that has been provided by the United States. ECF 21. Although no trial date was set at the March 5 status conference, it is anticipated that a trial will be set on May 30, once the defense has had an opportunity to review all or most of the voluminous discovery provided.

3. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an indictment shall commence within seventy days from the filing date of the indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

4. Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Parties submit that this case will involve substantial discovery, which already has totaled over 1.8 million documents. The volume of discovery is significant because it follows, and is related to, the long-term investigation involving the alleged solicitation of corrupt payments and money laundering by Vadim Mikerin, a Russian official and alleged co-conspirator who worked on behalf of JSC Techsnabexport ("TENEX") and TENAM Corporation ("TENAM"), two wholly-owned state entities that sold enriched uranium on behalf of the Russian Federation. On August 31, 2015, Mikerin was charged and ultimately pleaded guilty to a one-count Information charging him with conspiracy to commit international promotional money laundering, and he was sentenced to 48 months of imprisonment by this Court in that related case. The discovery materials include: subpoenaed materials from dozens of entities; productions by Lambert's former company Transport Logistics International, Inc. ("TLI"); multiple email accounts from the execution of search warrants; bank records and correspondence from domestic and foreign banks, including banks in Cyprus and Latvia; search warrant materials from physical searches conducted at multiple residences and companies in the

United States, including TLI and TENAM; certain recorded conversations involving Lambert; certain law enforcement reports; and other discovery material generated from this long-term investigation. Defense counsel has indicated that they cannot meaningfully prepare for motions practice and trial or engage in fully-informed plea discussions until they have had an opportunity analyze this voluminous discovery.

5. Defense counsel also has indicated that they may seek a security clearance and access to certain classified material. The Government already has declassified certain material to provide information that may obviate the need for access to, or use of, classified information in discovery and at trial. However, this issue may also require additional discussions prior to trial.

6. In light of the scope of the discovery at issue, the Parties submit that the 70 days contemplated by the Speedy Trial Act for discovery, pre-trial motions, and trial preparation will be inadequate, and thus tolling the Speedy Trial "clock" is appropriate. A reasonable exclusion of time is in the interests of justice because it will provide defense counsel with a period of time to receive and study discovery, evaluate the potential for pre-trial resolution, engage in plea negotiations if such negotiations are deemed appropriate, prepare appropriate motions, and prepare for trial if negotiations are unnecessary or unsuccessful.

7. For the foregoing reasons, the ends of justice will be served by continuing to exclude time from the date of this Court's February 20, 2018 Order (excluding time through March 5, 2018), and now excluding the time period between March 5, 2018 (the date of the initial status conference) and the date of the next status conference (currently scheduled for May 30, 2018) in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant Lambert in a

speedy trial.

**WHEREFORE**, the Parties jointly and respectfully request that the Court exclude, the time period between March 5, 2018 and May 30, 2018, the date currently set for a follow-up status conference in conformance with the draft order submitted herewith.  The Parties anticipate filing a similar motion to exclude time once a date certain is set for trial

                                          Respectfully submitted,

                                          Stephen M. Schenning
                                          Acting United States Attorney
                                          District of Maryland

By:       /s/
                              David I. Salem
                              Michael T. Packard
                              Assistant United States Attorneys
                              United States Attorney's Office
                              District of Maryland

### **CERTFICATE OF SERVICE**

    A copy of the foregoing Second Consent Motion and draft Order were provided ECF to counsel of record: William Sullivan, Fabio Leonardi and Thomas C. Hill; Pillsbury Winthrop Shaw Pittman LLC, 1200 Seventeenth Street, N.W., Washington, D.C. 20036-3006.

                                          _____/s/_____
                                          David I. Salem

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-18-0012 |
| | * | |
| **MARK LAMBERT,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

**SECOND ORDER GRANTING EXCLUSION OF TIME
PURSUANT TO 18 U.S.C. § 3161(h)(7)**

Upon consideration of the Parties joint motion pursuant to 18 U.S.C. § 3161(h)(7), the Court makes the following findings:

1. On January 10, 2018, a federal grand jury in the District of Maryland returned a sealed eleven count Indictment that charged the Defendant, Mark Lambert, with conspiracy, substantive violations of the Foreign Corrupt Practices Act, wire fraud, and money laundering. The Indictment also contained forfeiture allegation.   (*See* ECF 1 (Indictment).)

2. Lambert had his initial appearance on January 12, 2016, and the Indictment was unsealed on the same day.  On January 25, 2018, this Court issued a Scheduling Order, setting a motions' deadline for March 1, 2018 and a status conference for March 5, 2018 at 2:00 p.m.   (ECF 4 (Scheduling Order).   In the interim, this Court signed an Order tolling the Speedy Trial clock for good cause, pursuant to 18 U.S.C. § 3161(h)(7).   ECF 20.

3. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an indictment shall commence within seventy days from the filing date of

5

the indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

4.     Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Parties submit that this case will involve substantial discovery, and the Government already has provided over 1.8 million documents. The volume of discovery is significant because it follows, and is related to, the long-term investigation involving the alleged solicitation of corrupt payments and money laundering by Vadim Mikerin, a Russian official and alleged co-conspirator who worked on behalf of JSC Techsnabexport ("TENEX") and TENAM Corporation ("TENAM"), two wholly-owned state entities that sold enriched uranium on behalf of the Russian Federation. On August 31, 2015, Mikerin was charged and ultimately pleaded guilty to a one-count Information charging him with conspiracy to commit international promotional money laundering, and he was sentenced to 48 months of imprisonment by this Court in that related case. The discovery materials include: subpoenaed materials from dozens of entities; productions by Lambert's former company Transport Logistics International, Inc. ("TLI"); multiple email accounts from the execution of search warrants; bank records and correspondence from domestic and foreign banks, including banks in Cyprus and Latvia; search warrant materials from physical searches conducted at multiple residences and companies in the United States, including TLI and TENAM; certain recorded conversations involving Lambert; certain law enforcement reports; and other discovery material generated from this long-term investigation. Defense counsel cannot meaningfully prepare for motions practice and trial or engage in fully-informed plea discussions until they have had an opportunity analyze this voluminous discovery.

5.     In light of the scope of the discovery at issue, the 70 days contemplated by the Speedy Trial Act for discovery, pre-trial motions, and trial preparation will be inadequate, and thus

tolling the Speedy Trial "clock" is appropriate.  A reasonable exclusion of time is in the interests of justice because it will provide defense counsel with a period of time to receive and study discovery, evaluate the potential for pre-trial resolution, engage in plea negotiations if such negotiations are deemed appropriate, prepare appropriate motions, and prepare for trial if negotiations are unnecessary or unsuccessful.

6. For the foregoing reasons, the ends of justice will be served by further excluding the time period between the initial status conference on March 5, 2018 to the follow-up status conference currently scheduled for May 30, 2018, such time to run continuously with this Court's Order of February 20, 2018, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant Lambert in a speedy trial.

**WHEREFORE**, in the interest of the Defendant, Mark Lambert, and the interests of the public, it is hereby:

**ORDERED** that, pursuant to 18 U.S.C. § 3161(h)(7), **the time period between March 5, 2018 and May 30, 2018, to run continuously from this Court's initial Order tolling the Speedy Trial clock, issued on February 20, 2018, is hereby excluded** from the time period within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(c).

DATE: _____         _____
                                               Hon. Theodore D. Chuang
                                               United States District Court Judge
                                               District of Maryland