IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. TDC-18-0012 |
| MARK T. LAMBERT, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT MARK LAMBERT'S REPLY IN SUPPORT OF
### MOTION FOR BILL OF PARTICULARS

Defendant Mark Lambert, through undersigned counsel, submits this Reply in Support of Motion for Bill of Particulars with regard to Counts One, Nine and Ten. *See* ECF No. 35.

As an initial matter, the Government's assertion that a bill of particular is unnecessary because the "Indictment in this case not only tracks the language of the relevant conspiracy and wire fraud statutes, it also provides significant details" is inaccurate. Opposition to Defendant's Motion for Bill of Particulars ("Opposition") at 4. ECF No. 42. The Government has charged Mr. Lambert with an eleven-count Indictment. Mr. Lambert moved for a bill of particulars on three of the eleven counts, Conspiracy to Commit Wire Fraud (Count One), and Wire Fraud (Counts Nine and Ten). Unlike eight of the remaining counts, which generally charge Mr. Lambert with Conspiracy to Violate the Foreign Corrupt Practices Act (the "FCPA") and Violation of the FCPA, the wire fraud charges against Mr. Lambert are not based on a discrete set of finite facts that are readily discernable to Mr. Lambert either on the face of the Indictment or in discovery. Just the opposite is true. The underlying factual allegations regarding the wire fraud charges specifically fail to inform Mr. Lambert as to what false or fraudulent representations or promises he allegedly made, and to whom at TENEX Mr. Lambert allegedly

made such statements. These facts are necessary for Mr. Lambert to understand the fraud charges raised against him as well as to properly prepare his defense. The Government's response largely ignores Mr. Lambert's request for a bill of particulars with regard to these specific requests.

The Government's argument that the allegations in Paragraphs 14 and 22-25 of the Indictment cure the defects in Counts One, Nine and Ten is incorrect. Paragraph 14 of the Indictment broadly alleges that Mr. Lambert caused "fake invoices to be prepared, which purported to be *from* TENEX *to* Transportation Corporation A . . . ." (emphasis added). It does not identify the false or fraudulent representations or promises that Mr. Lambert allegedly made *to* TENEX. Paragraphs 22-25 of the Indictment broadly allege that Mr. Lambert, Mr. Condrey and an unnamed co-conspirator "concealed their corrupt and fraudulent bribe and kickback payment in a manner that allowed those payments to go undetected by certain TENEX officials and caused TENEX to overpay for Transportation Company A's services." They do not identify what false or fraudulent representations or promises Mr. Lambert allegedly made to TENEX. Nor do they specify who at TENEX was the recipient of any alleged false representations or promises.

Furthermore, the Government's argument that the two specific examples regarding Mr. Lambert's alleged wire fraud in Counts Nine and Ten cure the Indictment's defects is equally untenable. Count Nine alleges that Mr. Lambert "caus[ed] one of the fake TENEX invoices . . . to be sent via email *from* the Russian Federation." Indictment at 21 (emphasis added). As noted above, it does not identify any false or fraudulent representations or promises that Mr. Lambert allegedly made *to* TENEX. Count Ten alleges that Mr. Lambert "caus[ed] TENEX to overpay Transportation Corporation A . . . via wire transfer of a payment of $192,737.50 . . . ."

2

Indictment at 21.  Once again, it does not identify what false or fraudulent representations or promises Mr. Lambert allegedly made to TENEX, nor does it specify who at TENEX was the recipient of any alleged false representations or promises.

Additionally, the Government's assertion that the "Indictment and substantial discovery also more than apprise the defendant of the numerous false statements . . . to wit, the fake invoices that were made *to Transportation Corporate A*" is wrong.  Opposition at 11 (emphasis added).  Indeed, as previously noted, neither the Indictment nor the discovery identifies any false or fraudulent representations or promises that Mr. Lambert allegedly made *to TENEX*.

Moreover, the Government's response that the voluminous discovery produced in this case obviates the need for a bill of particulars is also incorrect.  *See* Opposition at 6-7.  Indeed, while the Government did produce to Mr. Lambert an overwhelming amount of discovery material, which, as the Government knows, in large part lacked any searchable text, this vast amount of discovery actually strengthens the case for a bill of particulars.  This is especially true with respect to Counts Nine and Ten.  Mr. Lambert cannot defend against accusations that he defrauded TENEX if he is not able to identify in the discovery any false representations or promises that the Government contends he made to TENEX, as well as the identity of the individuals at TENEX whom the Government contends were the recipients of Mr. Lambert's false or fraudulent statements.  Accordingly, precisely because the Government produced an overwhelming number of documents (over 1.8 million) in discovery, Mr. Lambert needs a bill of particulars to allow him to effectively search through this voluminous production to find which documents may be relevant to his defense.

Finally, the Government's contention that a bill of particulars is unnecessary because the Government met with Mr. Lambert to discuss "some of the evidence in the case" is unavailing.

Indeed, Mr. Lambert seeks a bill of particulars exactly because the Government failed to inform him about the nature of the alleged wire fraud despite having numerous opportunities to do so.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in his Motion for Bill of Particulars, Mr. Lambert respectfully requests that the Court direct the Government to file a bill of particulars.

Respectfully submitted,

Dated: November 23, 2018

/s/ William M. Sullivan, Jr.
William M. Sullivan, Jr., Esq. (No. 17082)
Thomas C. Hill, Esq. (No. 05703)
Fabio Leonardi, Esq. (No. 07206)
Pillsbury Winthrop Shaw Pittman LLP
1200 17th Street NW
Washington, DC 20036
Telephone: 202-663-8027
Fax: 202-663-8007
wsullivan@pillsburylaw.com
thomas.hill@pillsburylaw.com
fabio.leonardi@pillsburylaw.com

*Counsel for Defendant Mark Lambert*

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 23rd day of November 2018, I caused the foregoing Reply in Support of Motion for Bill of Particulars to be filed electronically using the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

                                Respectfully submitted,

Dated: November 23, 2018                   /s/ Fabio Leonardi
                                       Fabio Leonardi, Esq. (No. 07206)
                                       Pillsbury Winthrop Shaw Pittman LLP
                                       1200 17th Street NW
                                       Washington, DC 20036
                                       Telephone: 202-663-8713
                                       Fax: 202-663-8007
                                       fabio.leonardi@pillsburylaw.com