**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA

    v.

_____ ,

    Defendant.

Criminal Action No. TDC-___ -_____

**JURY INSTRUCTIONS [DRAFT]**

**Style Definition:** TOC 7: Font: (Default) Times New Roman, 12 pt, Do not check spelling or grammar, Indent: Left: 0.5", Hanging: 0.25", Line spacing: single, Tab stops: 0.61", Left + 0.92", Left + 6.49", Right,Leader: ...

I.     **ROLE OF THE COURT AND JURY** ............................................................ 1

    1.     Introduction .......................................................................................... 1

    2.     Role of the Court .................................................................................. 2

    3.     Jury to Disregard Court's View ........................................................... 3

    4.     Role of the Jury .................................................................................... 4

    5.     Juror Obligations .................................................................................. 5

II.     PRINCIPLES OF EVALUATION ............................................................... 6

    6.     The Government as a Party ................................................................... 6

    7.     Improper Considerations ...................................................................... 7

    8.     Sympathy .............................................................................................. 8

    9.     Conduct of Counsel .............................................................................. 9

    10.     Presumption of Innocence—Burden of Proof ................................... 10

    11.     Evidence ............................................................................................. 12

    12.     Stipulation of Facts ............................................................................ 14

    13.     Charts and Summaries as Evidence ................................................... 15

    14.     Charts and Summaries as Demonstrative Aids .................................. 16

    15.     Specific Investigative Techniques Not Required ............................... 17

    16.     Direct and Circumstantial Evidence .................................................. 18

    17.     Inferences ........................................................................................... 19

    18.     Witness Credibility ............................................................................ 20

    19.     Expert Witnesses ............................................................................... 22

    20.     Law Enforcement Witnesses ............................................................. 23

    21.     Impeachment by Prior Inconsistent Statement .................................. 24

    22.     Testimony by the Defendant .............................................................. 25

    23.     Publicity ............................................................................................. 26

    24.     Jury to Consider Only This Defendant ............................................... 27

    25.     Contact with Others ........................................................................... 28

    26.     Number of Witnesses and Uncontradicted Testimony ...................... 29

    27.     Multiple Counts ................................................................................. 30

    28.     Recordings ......................................................................................... 31

    29.     Lawyer's Questions ............................................................................ 32

    30.     Testimony, Exhibits, Stipulations, and Judicial Notice in General ... 33

    31.     Character Evidence (if applicable) ..................................................... 34

    32.     Opinion of a Defendant's Character (if applicable) ........................... 35

i

33.    Cross-Examiniation of a Witness on the Defendant's Character (if applicable)....36

34.    PROPOSED BY THE DEFENDANT: Impeachment of Reputation Testimony (if applicable) ................................................................................................................37

35.    PROPOSED BY THE DEFENDANT: Opinion as to Character of Witness to Impeach Another Witness's Crediablity (if applicable).........................................38

36.    PROPOSED BY DEFENDANT: Admission of Alleged Co-Conspirator .............39

37.    PROPOSED BY DEFENDANT: Inference of Participation from Presence or Association ..........................................................................................................40

38.    PROPOSED BY DEFENDANT: Impermissible to Infer Participation from Association ..........................................................................................................41

39.    PROPOSED BY DEFENDANT: Interest in Outcome...........................................43

40.    Accomplice Testimony: Co-Conspirator's Plea Agreement...................................44

41.    PROPOSED BY DEFENDANT: Accomplices Called by the Government .............46

42.    PROPOSED BY DEFENDANT: Statutory Immunity of Government Witness (if applicable) ................................................................................................................48

43.    PROPOSED BY DEFENDANT: Informal Immunity of Government Witness (if applicable) ................................................................................................................49

44.    PROPOSED BY DEFENDANT: Government Witness – Not Proper to Consider Guilty Plea (if applicable) .......................................................................................50

45.    PROPOSED BY DEFENDANT: Government Witness's Plea Agreement (if applicable) ................................................................................................................51

46.    PROPOSED BY DEFENDANT: Testimony as to Both Expert and Lay Witness (if applicable) ................................................................................................................52

47.    Search Warrant........................................................................................................53

48.    Knowledge, Willfulness, Intent ..............................................................................54

49.    Knowingly................................................................................................................55

50.    Willfully...................................................................................................................56

51.    PROPOSED BY DEFENDANT: Intentionally ......................................................57

52.    Indictment is Not Evidence.....................................................................................58

53.    Jury to Consider Only the Charge...........................................................................59

54.    Jury to Consider Only This Defendant ...................................................................60

55.    Failure to Name a Defendant ..................................................................................61

XXX 62

56.    Multiple Counts and Multiple Defendant ...............................................................63

57.    Variance — Dates ...................................................................................................64

58.    Introduction to, and Order of, the Charges .............................................................65

59.    The Statute - Counts Two through Eight (Foreign Corrupt Practices

Formatted: Font: Times New Roman, 12 pt

Formatted: Font: Times New Roman, 12 pt

Formatted: TOC 7

Field Code Changed

ii

Act violations) ................................................................................................ 66

60.    Counts Two through Eight - Elements of the Offenses ......................................... 74

61.    Counts Two through Eight: First Element – Domestic Concern ............................ 76

62.    Counts Two through Eight: Second Element – Corruptly and Willfully ................. 79

63.    Counts Two through Eight - Third Element – Use of an Instrumentality of
Interstate Commerce ........................................................................................... 81

64.    Counts Two through Eight – Fourth Element: Promise to Pay .............................. 83

65.    Counts Two through Eight – Fifth Element: Payment to a Foreign Official .......... 85

66.    Counts Two through Eight – Sixth Element: Purpose of Payments ....................... 91

67.    Counts Two through Eight – Seventh Element: Payment to Obtain or Retain
Business  ............................................................................................................ 94

68.    Solicitation of Bribe Not a Defense – Explained ................................................ 96

69.    The Indictment and the Wire Fraud Statute ........................................................ 97

70.    Purpose of the Wire Fraud Statute ..................................................................... 98

71.    Wire Fraud: Elements of the Offenses ................................................................ 99

72.    First Element – Existence of a Scheme or Artifice to Defraud ............................ 100

73.    Second Element – Participation in Scheme with Intent ....................................... 103

74.    Third Element – Use of Interstate Wires ............................................................ 106

75.    Conspiracy ....................................................................................................... 108

76.    Count One: Conspiracy Statute ......................................................................... 110

77.    Unanimity of Theory; Purpose of the Conspiracy Statute ................................... 111

78.    Elements of the Conspiracy Offense .................................................................. 112

79.    First Element: Existence of Agreement .............................................................. 113

80.    Second Element: Membership in the Conspiracy ................................................ 114

81.    Third Element: Commission of Overt Act .......................................................... 117

82.    Fourth Element: Commission of Overt Act in Furtherance of the Conspiracy .... 118

83.    Acts and Declarations of Co-Conspirators ......................................................... 119

84.    Count Eleven: The Indictment and the Statute ................................................... 121

85.    Elements of the Offense .................................................................................... 122

86.    First Element – Transporting, Transmitting or Transferring Funds to United States
     123

87.    Second Element – Intent to Promote Specified Unlawful Activity ....................... 124

88.    Aiding and Abetting: General ............................................................................ 125

89.    Aiding and Abetting .......................................................................................... 126

90.    *Pinkerton* Liability .......................................................................................... 129

iii

91.   Punishment ................................................................................ 131

III.   JURY DELIBERATIONS ............................................................... 132

92.   Deliberations and Verdict Form .............................................. 132

93.   (Duty to Consult and Need for Unanimity) ............................. 136

III.   ....................................................................... THE CHARGES

sOneI.  ROLE OF THE COURT AND JURY ............................................... 1

1.   Introduction ....................................................................... 1

2.   Role of the Court ............................................................... 1

3.   Jury to Disregard Court's View ........................................ 1

4.   Role of the Jury ................................................................. 1

5.   Juror Obligations ............................................................... 1

II.   PRINCIPLES OF EVALUATION ................................................ 1

6.   The Government as a Party ............................................... 1

7.   Improper Considerations ................................................... 1

8.   Sympathy ............................................................................ 1

9.   Conduct of Counsel ........................................................... 1

10.   Presumption of Innocence—Burden of Proof ............... 1

11.   Evidence ............................................................................. 1

12.   Stipulation of Facts .......................................................... 1

13.   Charts and Summaries as Evidence ................................. 1

14.   Charts and Summaries as Demonstrative Aids ............... 1

15.   Specific Investigative Techniques Not Required ............ 1

16.   Direct and Circumstantial Evidence ................................ 1

17.   Inferences .......................................................................... 1

18.   Witness Credibility ........................................................... 1

19.   Impeachment by Prior Inconsistent Statement ............... 1

20.   Testimony by the Defendant ............................................ 1

III.   THE CHARGES ........................................................................... 1

21.   Indictment is Not Evidence ............................................. 1

22.   Jury to Consider Only the Charge .................................... 1

23.   Jury to Consider Only These Defendants ........................ 1

24.   Failure to Name a Defendant ........................................... 1

25.   Jury to Consider Each Defendant Separately .................. 1

26.   Multiple Counts and Multiple Defendants ...................... 1

iv

**Formatted:** Font: Bold, No underline

Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted
Formatted

27.    Variance — Dates ......................................................................................... 1

28.INSERT INSTRUCTIONS FOR SUBSTANTIVE ELEMENTS" ..**Error! Bookmark not defined.**

29.    Punishment ................................................................................................... 1

IV.    JURY DELIBERATIONS ......................................................................................... 1

30.    Deliberations and Verdict Form ................................................................... 1

v

**I.    ROLE OF THE COURT AND JURY**

### 1. Introduction

Ladies and gentlemen, now that all the evidence has been presented, let me thank you for your promptness in following our schedule, for your attention throughout this case, and for your patience when it has been necessary to have discussions out of your presence. Before the attorneys deliver their closing arguments, I will now instruct you on the law that applies in this case. The instructions should assist you in following the arguments and will be your guide as you conduct deliberations.

It has been clear that up to now, you have faithfully discharged your duty to listen carefully and observe each witness who testified. I ask you to give me that same careful attention as I instruct you on the law. You will receive a written version of these instructions to take into the jury room, so you do not need to take notes.

1

### 2. Role of the Court

As I mentioned at the outset of the trial, the functions of the judge and the jury are different. During the trial, it was my duty to decide what testimony and evidence is relevant under the law for your consideration. Now that you have heard all of the evidence in the case, it is my duty as the trial judge to instruct you as to the law that applies to this case. It is your duty to accept these instructions of law and apply them to the facts as you determine them.

You are required to follow the law as I define it for you. If any attorney has stated or states a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

2

### 3. Jury to Disregard Court's View

Since you are the sole and exclusive judges of the facts, I do not have, and do not mean to convey, any opinion as to the facts or what your verdict should be.  Anything I have said during the trial, including the rulings I have made during the trial, are not a sign of any view of what your decision should be.  I have not expressed, and have not intended to convey, any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to convey an opinion relating to any of these matters, I instruct you to disregard it.

**4. Role of the Jury**

As members of the jury, it is your duty to pass upon and decide the factual issues in this case. You are the sole and exclusive judges of the facts. You consider and weigh the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

.

4

### 5. Juror Obligations

You are to perform the duty of finding the facts in this case without bias or prejudice to any party.  I remind you that before you were accepted and sworn to serve as a juror, you were asked questions that related to your ability to be fair and impartial, and to be free from bias and prejudice.  On the basis of those answers, you were accepted as jurors by the court and the parties. Those answers are as binding on each of you now as they were then, and will remain so, until you are discharged at the conclusion of this case.

## II.     PRINCIPLES OF EVALUATION

### 6.  The Government as a Party

In this case, the parties are the United States Government and ~~the "DEFENDANT NAME"~~ Mark T. Lambert.  This case is important to the Government, because the enforcement of criminal laws is a matter of prime concern to the community.   It is also important to ~~"DEFENDANT NAME" ,~~ Mark T. Lambert, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than any other party in a trial.  By the same token, the Government is entitled to no less consideration.  All parties, whether the Government or an individual defendant, stand as equals in this courtroom.

6

### 7. Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

In reaching your verdict, it would be improper for you to consider any personal feelings you may have about the defendant's race, religion, national origin, sex, or age. All persons are entitled to the presumption of innocence, and the Government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

7

### 8. Sympathy

You may not be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the defendants beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that either defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I instruct you. It must be clear to you that once you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

Again, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

8

### 9.  Conduct of Counsel

You may not allow any views you may have about the conduct of the attorneys in this case to have any impact on your consideration of this case.  It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  The attorneys also have the right and duty to ask me to make rulings of law and to request conferences at the bench out of the hearing of the jury.  You may not allow the fact that an attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law to affect your consideration of this case.

### 10. Presumption of Innocence—Burden of Proof

As the finders of fact, it is your role to consider whether, based on the evidence admitted in this case, the Government has proven that the defendants is are guilty of the crimes with which he isthey are charged.  Although the defendants has have been indicted, you must remember that an indictment is only an accusation.  It is not evidence.  The defendants has have pleaded not guilty to the Second Superseding Indictment in this case.

As a result of the defendant'ss' pleas of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to the defendants because the law never imposes upon the defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes a defendant to be innocent of all the charges against him or her.  I therefore instruct you that the defendants is are to be presumed by you to be innocent throughout your deliberations until such time, if ever, that you as a jury are satisfied that the Government has proven either defendant guilty beyond a reasonable doubt.

The defendants began the trial with a clean slate.  This presumption of innocence alone is sufficient to acquit the defendants unless you as jurors are unanimously convinced beyond a reasonable doubt of the defendant'ss' guilt, after a careful and impartial consideration of all of the evidence in this case.  If the Government fails to sustain its burden on any charge as to the defendant, you must find the defendants not guilty as to that charge.

This presumption was with the defendants when the trial began, remains with himthem even now, and will continue with himthem into your deliberations until such time, if ever, that you are convinced that the Government has proven the defendant'ss' guilt beyond a reasonable doubt.

10

The defendant has pleaded not guilty to the charges in the Second Superseding Indictment. To convict the defendant, the burden is on the prosecution to prove the defendant's guilt of each element of the charges beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

Sand, *Modern Federal Jury Instructions*, 4-1 (modified).

**Formatted:** Space After:  0 pt, Line spacing:  Double

**Formatted:** Font: Times New Roman, 12 pt

**Formatted:** Font: Times New Roman, 12 pt

11

**11. Evidence**

In determining the facts, you must rely upon your own recollection of the evidence.  You may consider not only the evidence referred to by the attorneys in their arguments, but you may also consider any evidence in this case which you may believe to be material, even if not referred to by the attorneys.

The evidence in this case consists of the sworn testimony of witnesses; all exhibits received in evidence; and all facts which may have been admitted by stipulation.  Exhibits which have been marked for identification but were not admitted may not be considered by you as evidence.  Only those exhibits admitted may be considered as evidence.

You are to consider only the evidence presented, and you may not guess or speculate as to any fact not presented as evidence.  Let me remind you what is *not* evidence.

The fact that there was an indictment bringing charges in this case is not evidence, and you may draw no inference from that fact.

What I may have said during the trial or what I may say in these instructions is not evidence.

What the lawyers have said in their opening statements and their closing arguments is not evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Statements of the attorneys, including their objections and their questions, are not evidence.  A question put to a witness is never evidence; it is only the answer which is evidence.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denied the truth of the statement, or

12

if the question was not answered, or an objection to the question was sustained, then you may not consider the fact to be true simply because it was contained in a lawyer's question.

Any answer that I directed you to disregard, or any evidence that I directed to be struck from the record is not evidence, and you must dismiss it from your mind, completely and entirely. If I instructed you that certain evidence was admitted for one purpose only, you may not consider it for any other purpose.

From time to time I have been called upon to pass upon the admissibility of certain evidence, such as by ruling on objections to questions. You should not be concerned with my rulings or the reasons for those rulings, and you are not to draw any inferences from them. In admitting evidence to which an objection has been made, I did not determine what weight should be given to such evidence, nor did I pass judgment on the credibility of the evidence. For any question to which I sustained an objection, you must not guess what the answer might have been, and you must not speculate as to the reason the question was asked or the reason for the objection. You should not speculate about the nature or effect of any discussions I had with counsel outside of your hearing or sight.

13

**12. Stipulation of Facts**

Let me briefly discuss some specific forms of evidence that have been admitted in this case and some other issues relating to evidence not offered in this case.

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

14

**13. Charts and Summaries as Evidence**

Certain exhibits have been presented in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying evidence that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

15

**14. Charts and Summaries as Demonstrative Aids**

One or more parties has presented exhibits in the form of charts and summaries which were shown to you in order to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based and are not themselves independent evidence. Therefore, you are to give no greater consideration to the charts and summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and in the exhibits on which they are based. You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

16

**15. Specific Investigative Techniques Not Required**

You may hear argument by counsel that the Government did not utilize specific investigative techniques. You may consider that fact in deciding whether the Government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the Government use any specific investigative techniques to prove its case.

The law does not require the prosecution to call as witnesses all persons who have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

Your task, as I have said, is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

### 16. Direct and Circumstantial Evidence

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence. The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no more or less value than direct evidence, and you may consider either or both and may give them such weight as you conclude is warranted. A case may be proven by direct evidence alone, circumstantial evidence alone, or a combination of the two.

Direct evidence is direct proof of a fact, such as testimony of an eyewitness as to what he or she saw, heard, or observed. For example, if a witness came into this courtroom and testified that she had just been outside and saw that it was raining, that would be direct evidence that it was raining.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. To give an example, suppose that when you came into the courthouse today, the sun was shining and it was a nice day. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and wet raincoat. Because you cannot look outside of the courtroom and cannot see whether or not it is raining, you have no direct evidence of that fact. But from the combination of the facts you observed about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note that using circumstantial evidence is not a matter of guesswork or speculation; it is a matter of making a logical inference. In drawing inferences, you should exercise your common sense and everyday experience.

**17. Inferences**

In discussing circumstantial evidence, I have highlighted the fact that in your consideration of the evidence, you are not limited to the statements of the witnesses or the words in an exhibit. You are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you find to be justified in light of your own experience.

Inferences are deductions or conclusions which you are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should use your common sense and everyday experience. An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from the facts. The Government asks you to draw one set of inferences, while the Defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

Let me remind you that, whether based on direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

19

**18. Witness Credibility**

You should also use your common sense and everyday experience for another important part of your consideration of the evidence:  determining how believable each witness was in his or her testimony.  In order to find the facts in this case, you will need to make judgments about the testimony of the witnesses you have listened to and observed.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  Among the factors you should consider are:

1. The witness's opportunity to see, hear, or know the facts about which he or she testified;

2. The witness's memory and level of recall of the events;

3. Whether the witness's recollection of the facts stands up in light of the other evidence in the case, whether it was consistent with or contradicted by other evidence;

4. Whether the witness's testimony was consistent with other statements he or she made during testimony or at an earlier time;

5. The witness's demeanor in testifying;

6. Any relationship the witness may have with the Government or the defendants that may affect how he or she testified;

7. Any interest, financial or otherwise, that the witness may have in the outcome of the

case; and

8.  Any bias, prejudice, or hostility the witness may have for or against any party.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. Always remember that you should use your common sense, your good judgment, and your own life experience.

You need not believe a witness even though the testimony is uncontradicted.  You may believe, all, part, or none of the testimony of any witness.

I will now discuss some specific issues relating to witness testimony.

21

### 19. Expert Witnesses

In this case, I have permitted "A WITNESS/MULTIPLE WITNESSES" , "NAME OF WITNESS/ES" , to express HIS/HER opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify to an opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

22

**20. Law Enforcement Witnesses**

You have heard the testimony of law enforcement officers. The fact that a witness may be employed by the federal or state government as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

### 21. Impeachment by Prior Inconsistent Statement

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**22. Testimony by the Defendant**

**Defendant's Interest if Defendant Testifies**

In a criminal case, the defendant cannot be required to testify, but, if he or she chooses to testify, he or she is, of course, permitted to take the witness stand on his or her own behalf.  In this case, the defendants each decided to testify.  You should examine and evaluate their testimony just as you would the testimony of any witness with an interest in the outcome of this case.

**Improper Consideration of Defendant's Right Not to Testify**

The defendants did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any other evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendants did not testify.  No adverse inference against the defendants may be drawn by you because he~~they~~ did not take the witness stand.  You may not consider this against the defendants in any way in your deliberations in the jury room.

25

## 23. Publicity

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report that you have read in the press, seen on television, or hear on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

Sand, *Modern Federal Jury Instructions*, 2-17.

26

### 24. Jury to Consider Only This Defendant

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of this defendant. You are not being asked whether any other person has been proven guilty. Your verdict should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

Sand, *Modern Federal Jury Instructions*, 2-18.

**Formatted:** Heading 2, None, No bullets or numbering, Widow/Orphan control, Don't keep with next, Don't keep lines together, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**Formatted:** Font: Times New Roman, 12 pt

**Formatted:** Space After: 0 pt, Line spacing: Double

27

## 25. Contact with Others

During your deliberations, you should not discuss, or provide any information about, the case with anyone. This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, blogging, or any Internet chat room, web site or other feature. In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and then only while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

Sand, *Modern Federal Jury Instructions*, 2-21.

28

## 26. Number of Witnesses and Uncontradicted Testimony

The fact that the government called more witnesses and introduced more evidence than the defense does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the Government, and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

Sand, *Modern Federal Jury Instructions*, 4-3 (modified)

29

## 27. Multiple Counts — One Defendant

The Second Superseding Indictment contains a total of eleven counts. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Sand, *Modern Federal Jury Instructions*, 3-6 (modified).

30

## 28. Recordings

The government has offered evidence in the form of recordings of telephone calls. These recordings were lawfully obtained.

There is, however, no agreement or stipulation as to the identity of speakers on any of the recordings so that you will have to determine for yourselves the identity of the parties in each conversation based on the testimony you heard and the evidence produced at trial.

Let me say again, you, the jury, are the sole judges of the facts.

Sand, *Modern Federal Jury Instructions*, 5-11 (modified).

31

## 29. Lawyer's Questions

Let me emphasize that a lawyer's questions are not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had beaten his wife.

In short, questions are not evidence; answers are.

Sand, *Modern Federal Jury Instructions*, 5-3.

32

## 30. Testimony, Exhibits, Stipulations, and Judicial Notice in General

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations and judicially noticed facts.

Exhibits which have been marked for identification but not received into evidence may not be considered by you as evidence. Only those exhibits received into evidence may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Sand, *Modern Federal Jury Instructions*, 5-4.

**Formatted:** Heading 2, None,  No bullets or numbering, Widow/Orphan control, Don't keep with next, Don't keep lines together, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**Formatted:** Font: Times New Roman, 12 pt

**Formatted:** Space After:  0 pt, Line spacing:  Double

### 31. Character Evidence (if applicable)

The defendant has called witnesses who have testified to the defendant's good reputation in the community. ThisSuch evidence may indicate to you that it is improbable that a person of this character is guilty. However, this testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation would commit the offense charged. Accordingly, if, after considering the question of the defendant's good reputation, you find that a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if, after considering all of the evidence, including that of the defendant's reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe he is a person of good reputation.

Sand, *Modern Federal Jury Instructions*, 5-14 (modified)

**Formatted:** Heading 2, None,  No bullets or numbering, Widow/Orphan control, Don't keep with next, Don't keep lines together, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**Formatted:** Font: (Default) Times New Roman, 12 pt

**Formatted:** Space After:  0 pt, Line spacing:  Double

34

## 32. Opinion of a Defendant's Character (if applicable)

The defendant has called witnesses who have given their opinion of his good character. ThisSuch evidence may indicate to you that it is improbable that a person of this character is guilty. However, this testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if after considering all the evidence including that of the defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.

Sand, *Modern Federal Jury Instructions*, 5-15 (modified)

**Formatted:** Heading 2, None, No bullets or numbering, Widow/Orphan control, Don't keep with next, Don't keep lines together, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**Formatted:** Font: (Default) Times New Roman, 12 pt

**Formatted:** Space After: 0 pt, Line spacing: Double

35

### 33. Cross-Examiniation of a Witness on the Defendant's Character (if applicable)

The prosecution asked certain questions on cross-examination of the defendant's character witness about specific acts supposedly committed by the defendant. I caution you that the prosecution was allowed to ask these questions only to help you decide whether the witness was accurate in forming his or her opinion or in describing the reputation of the defendant's character. You may not assume that the acts described in these questions are true, nor may you consider them as evidence that the defendant committed the crime for which he is charged. You may therefore consider the questions only in deciding what weight, if any, should be given to the testimony of the character witness and for no other purpose. You should not consider such questions as any proof of the conduct stated in the question.

Sand, *Modern Federal Jury Instructions*, 5-16

**Formatted:** Heading 2, None, No bullets or numbering, Widow/Orphan control, Don't keep with next, Don't keep lines together, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**Formatted:** Font: (Default) Times New Roman, 12 pt

36

## 34. PROPOSED BY THE DEFENDANT: Impeachment of Reputation Testimony (if applicable)

You have heard evidence that one of the witnesses who testified has the reputation of being an untruthful person. Since you are the sole judges of the facts and the credibility of witnesses, you may consider this evidence in deciding whether or not to believe the witness whose reputation for truthfulness has been questioned, giving such reputation evidence whatever weight you deem appropriate.

Sand, *Modern Federal Jury Instructions*, 5-17

**Formatted:** Heading 2, None, No bullets or numbering, Widow/Orphan control, Don't keep with next, Don't keep lines together, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**Formatted:** Indent: First line: 0.5", No bullets or

**Formatted:** Font: Times New Roman, 12 pt

### 35. PROPOSED BY THE DEFENDANT: Opinion as to Character of Witness to Impeach Another Witness's Crediablity (if applicable)

You have heard [name of witness] testify that in his/her opinion [name of other witness], one of the other witnesses who testified, is an untruthful person. Since you are the sole judges of the facts and the credibility of witnesses, you may consider such evidence in deciding whether or not to believe the witness whose character for truthfulness has been questioned, giving such character evidence whatever weight you deem appropriate.

Sand, *Modern Federal Jury Instructions*, 5-18

## 36. PROPOSED BY DEFENDANT: Admission of Alleged Co-Conspirator

You are cautioned that the evidence of an alleged co-conspirator's statement to the authorities about his own conduct may not be considered or discussed by you in any way with respect to the defendant on trial here. Any such statement is not evidence about Mr. Lambert.

Sand, *Modern Federal Jury Instructions*, 5-20 (modified).

39

## 37. PROPOSED BY DEFENDANT: Inference of Participation from Presence or Association

You may not infer that the defendant is a member of the conspiracy merely from the fact that he was present at the time and place when the conspiracy was being carried on and had knowledge that it was being carried on.

Sand, *Modern Federal Jury Instructions*, 6-3 (modified).

40

## 38. PROPOSED BY DEFENDANT: Impermissible to Infer Participation from Association

You may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.

Sand, *Modern Federal Jury Instructions*, 6-4.

41

**Expert Witnesses**

In this case, I have permitted , **"NAME OF WITNESS/ES"** , to express HIS/HER opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify to an opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

**Expert Witnesses**

You have heard the testimony of law enforcement officers.  The fact that a witness may be employed by the federal or state government as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

### 39. PROPOSED BY DEFENDANT: Interest in Outcome

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

Sand, *Modern Federal Jury Instructions*, 7-3

43

## 40. Accomplice Testimony: Co-Conspirator's Plea Agreement

In this case, there has been testimony from a government witness who has pled guilty and who has testified at this trial that the witness was actually involved in planning and carrying out the crime or crimes charged in the Second Superseding Indictment—that is, that the witness was an accomplice. The government may argue, as it is permitted to do, that it must take the witnesses as it finds them, and the government may argue that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. Indeed, certain criminal conduct would never be detected without the use of accomplice testimony.

For those very reasons, the law allows the use of so-called accomplice testimony. It is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

There is also evidence that the government and this witness entered into a written plea agreement. The government is permitted to enter into this kind of plea agreement and to make the kinds of promises contained in the plea agreement, and the government is entitled to call as witnesses people to whom these promises are given. You, in turn, may accept the testimony of such a witness. You are instructed that you may convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

In considering such testimony, you are instructed that you are to draw no conclusion or inferences of any kind about the guilt of the defendant on trial from the mere fact that a government witness pled guilty to the same or similar charge. That witness's decision to plead guilty was a personal decision about the witness's own guilt.

44

With such witnesses, you are to apply the same considerations on witness credibility that I previously described. However, let me discuss some specific things that you may want to consider on the subject of testimony by accomplices and witnesses who testified pursuant to plea agreements. You should bear in mind that a witness who has entered into such an agreement has an interest in the case different than any ordinary witness. A witness who realizes that hethey may be able to obtain histheir own freedom, or receive a lighter sentence, by giving testimony favorable to the prosecution has a motive to testify falsely. Therefore, you must examine such a witness's testimony with caution and weigh it with great care.

You should ask yourselves whether this witness would benefit more by lying, or by telling the truth. Was the witness's testimony made up in any way because the witness believed or hoped they would somehow receive favorable treatment by testifying falsely? Or did the witness believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause the witness to lie, or was it one which would cause the witness to tell the truth? Did this motivation color the witness's testimony? You should look at all of the evidence in evaluating the testimony of this witness.

If, after scrutinizing the witness's testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

Sand, *Modern Federal Jury Instructions*, 7-5, 7-9, 7-10, 7-11 (modified)

-    Defendant objects to this compound instruction and instead proposes to instruct the jury

separately on the issues addressed here, as laid out infra]

45

> **Formatted:** Font: (Default) Times New Roman, 12 pt
>
> **Formatted:** Space After:  0 pt, Line spacing:  Double

### 41. PROPOSED BY DEFENDANT: Accomplices Called by the Government

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him

46

to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses

Sand, *Modern Federal Jury Instructions*, 7-5.

**[Note: the Defendant proposes this instruction as an alternative to instruction number 40]**

47

## 42. PROPOSED BY DEFENDANT: Statutory Immunity of Government Witness (if applicable)

You have heard the testimony of a witness who has testified under a grant of immunity from this court. What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

Sand, *Modern Federal Jury Instructions*, 7-8.

48

## 43. PROPOSED BY DEFENDANT: Informal Immunity of Government Witness (if applicable)

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, she will not be prosecuted for any crimes that she may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that she will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

Sand, *Modern Federal Jury Instructions*, 7-9.

49

### 44. PROPOSED BY DEFENDANT: Government Witness – Not Proper to Consider Guilty Plea (if applicable)

You have heard testimony from a Government witness who pled guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

Sand, *Modern Federal Jury Instructions*, 7-10.

**Formatted:** Heading 2, None,  No bullets or numbering, Widow/Orphan control, Don't keep with next, Don't keep lines together, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**Formatted:** Font: Times New Roman, 12 pt

**Formatted:** Font: Times New Roman, 12 pt

**Formatted:** Space After:  0 pt, Line spacing:  Double

## 45. PROPOSED BY DEFENDANT: Government Witness's Plea Agreement (if applicable)

In this case, there has been testimony from a Government witness who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to dismiss some charges against the witness and agreed not to prosecute him on other charges in exchange for the witness' agreement to plead guilty and testify at this trial against the defendant. The government also promised to bring the witness' cooperation to the attention of the sentencing court.

The Government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

Sand, *Modern Federal Jury Instructions*, 7-11.

51

## 46. PROPOSED BY DEFENDANT: Testimony as to Both Expert and Lay Witness (if applicable)

You have heard the testimony of a witness who testified to both facts and opinions. You should consider each of those types of testimony separately, and give them the proper weight.

As to the testimony about facts, you should consider the factors that I discussed earlier in these instructions about how to weigh the credibility of witnesses.

As to the testimony that included opinions, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Again you may give both the fact testimony and the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

Sand, *Modern Federal Jury Instructions*, 7-24 (modified).

52

## 47. Search Warrant

You have also heard testimony in this case regarding evidence seized by the Government during the execution of search warrants. You are hereby instructed that it is the responsibility of the Court alone to determine the validity and legality of those search warrants. It is up to you to decide what significance, if any, the evidence seized may have in this case.

53

## 48. Knowledge, Willfulness, Intent

In order to sustain its burden of proof, the Government must prove that the defendant acted knowingly and/or willfully with respect to certain elements. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. A person acts willfully if he acts deliberately.  Whether the defendant acted knowingly or willfully may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Knowledge, willfullness and intent involve the state of a person's mind. It has often been said to juries that the state of one's mind is a fact as much as the state of his digestion. Accordingly, this is a fact you are called upon to decide.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

Sand, *Modern Federal Jury Instructions*, No. 6-17 (modified to reflect willfullness).

54

## 49. Knowingly

You have been instructed that in order to sustain its burden of proof, the Government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Sand, *Modern Federal Jury Instructions*, No. 3A-1

**Formatted:** Heading 2, None, No bullets or numbering, Widow/Orphan control, Don't keep with next, Don't keep lines together, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**Formatted:** Indent: Left: 0.75", No bullets or numbering

**Formatted:** Font: (Default) Times New Roman, 12 pt

**Formatted:** Space After: 0 pt, Line spacing: Double

**Formatted:** Font: (Default) Times New Roman, 12 pt

55

## 50. Willfully

With regard to certain counts in the Second Superseding Indictment, you will be instructed that in order to sustain its burden of proof the Government must prove that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

Sand, *Modern Federal Jury Instructions*, No. 3A-3 (modified).

56

### 51. PROPOSED BY DEFENDANT: Intentionally

The Government must prove beyond a reasonable doubt that the defendant acted intentionally with respect to certain elements of the charges. Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. That is, defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

Sand, *Modern Federal Jury Instructions*, No. 3A-4 (modified).

57

## III.    THE CHARGES

**Formatted:** Font: (Default) Times New Roman, 12 pt, Bold

### 23.52.    Indictment is Not Evidence

With these general instructions in mind, I will now turn to the charges against the defendants, as contained in the Second Superseding Indictment.  I remind you that an indictment itself is not evidence.  It merely describes the charges made against a defendant.  It is an accusation. It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination of whether the Government has proved that the defendants is are guilty beyond a reasonable doubt, you may consider only the evidence introduced, or the lack of evidence.

58

**24.53.**     **Jury to Consider Only the Charge**

The defendants are not charged with committing any crime other than the offenses contained in the Second Superseding Indictment.  You have heard evidence of other acts allegedly committed by the defendants.  When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose.  But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the Second Superseding Indictment.

59

**25.54.     Jury to Consider Only Thisese Defendants**

Your role is to decide whether or not the Government has proven beyond a reasonable doubt that the "DEFENDANT NAME" , Mark T.Lambert, is guilty of one or more of the charged crimes.  You are not being asked whether any other person has been proven guilty.  Your verdict should be based solely upon the evidence or lack of evidence as to "DEFENDANT NAME" , Mark T. Lambert, in accordance with my instructions, and without regard to whether the guilt of any other person has or has not been proven.

**26.55.    Failure to Name a Defendant**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants on trial, from the fact that certain persons were not named as defendants in the Second Superseding Indictment.  The fact that such persons are not defendants in this trial must play no part in your deliberations.  Whether a person should be named as a co-conspirator is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendants on trial.

61

## 27.  Jury to Consider Each Defendant Separately

The Indictment names XXX defendants who are on trial together.  In reaching a verdict, however, you must bear in mind that guilt is individual.  Your verdict as to each defendant must be determined separately with respect to him or her, solely on the evidence, or lack of evidence, presented against him or her without regard to the guilt or innocence of anyone else.

In addition, some of the evidence in this case was limited to one defendant.  Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

**Formatted:** Heading 2, Left, Indent: First line:  0", Line spacing:  single

**Formatted:** Heading 2, Left, Line spacing:  single

**Commented [SD(1):** I think we should omit this one.

**Formatted:** Heading 2, Indent: Left:  0.75", Line spacing: single

62

### 28.56.    Multiple Counts and Multiple Defendants

The Second Superseding Indictment contains a total of XXX eleven counts.  Each count charges the defendant with a different crime.

There are XXX defendants on trial before you.  You must, as a matter of law, consider each count of the Indictment and theeach defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he or she is charged.

In reaching your verdict, bear in mind that guilt is personal and individual.  Your verdict of guilty or not guilty must be based solely upon the evidence about theeach defendant.  The case against theeach defendant, on each count, stands or falls upon the proof or lack of proof against himthat defendant alone, and your verdict as to himany defendant on any count should not control your decision as to him on any other defendant or any other count.  No other considerations are proper.

63

### 29.57.    Variance — Dates

The Second Superseding Indictment alleges that the offenses occurred on certain dates or at certain times.  It does not matter if thate Indictment charges that a specific act occurred on or about a certain date or time, and the evidence shows that, in fact, it was on another date or time. The law only requires a substantial similarity between the dates alleged in the Second Superseding Indictment and the date established by testimony or exhibits.

64

58. Introduction to, and Order of, the Charges

We will next consider the crimes with which the defendant is charged in the Second Superseding Indictment. The alleged crimes are charged in what is called a count. A defendant may be charged in more than one count of the Superseding Indictment.

The defendant is charged in Count One with Conspiracy to Violate the ~~Federal~~Foreign Corrupt Practices Act ("FCPA") and to commit wire fraud, in violation of 18 U.S.C. § 371. He is also charged in Counts Two through Eight with violating the FCPA, in violation of 15 U.S.C. § 78dd-2. In Counts Nine and Ten, the defendant is charged with committing wire fraud, in violation of 18 U.S.C. § 1343. Finally, in Count Eleven, the defendant is charged with committing money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A). The defendant has denied that he is guilty of these charges.

I will review those counts and the applicable elements now. Because understanding the elements of violating the FCPA and committing wire fraud are essential to understanding what it means to enter a conspiracy to commit those crimes, I am going to instruct you first on Counts Two through Eight – charging substantive FCPA violations – and Counts Nine and Ten – charging substantive wire fraud violations – before I turn back to Count One and instruct you on the elements of Conspiracy to violate the FCPA and to commit wire fraud. Finally, I will instruct you on the elements of money laundering as charged in Count Eleven.

~~30.~~     ~~"INSERT INSTRUCTIONS FOR SUBSTANTIVE ELEMENTS"~~

65

**31,59.**    (The Indictment and the Statute - Counts Two through Eight)

(Foreign Corrupt Practices Act violations)

Counts Two through Eight of the Superseding Indictment charge the defendant with violations of the Foreign Corrupt Practices Act of 1977. The Superseding Indictment reads in relevant part:

At times material to this Superseding Indictment:

*Relevant Entities and Individuals*

1.    Transport Logistics International, Inc. ("TLI") was a United States company headquartered in Maryland, and thus a "domestic concern," as that term is used in the Foreign Corrupt Practices Act of 1977 ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(1)(B). TLI was in the business of providing logistical support services for the transportation of nuclear materials to customers in the United States and to foreign customers, including to and from the Russian Federation.

2.    Defendant **MARK T. LAMBERT** ("defendant **LAMBERT**") was a citizen of the United States and resident of Maryland.  Defendant **LAMBERT** was an owner and executive of TLI from in or about August 1998 through in or about September 2016.  Defendant **LAMBERT** was also the co-President of Transportation Corporation A from in or about January 2010 through in or about September 2016.  Thus, defendant **LAMBERT** was a "domestic concern" and an officer, employee, and agent of a "domestic concern," as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

3.    Daren Condrey ("Condrey"), who has been charged separately, was a citizen of the United States and resident of Maryland.  Condrey was an owner and executive of TLI from in or about August 1998 through in or about October 2014.  Condrey and defendant **LAMBERT**

66

were also the co-Presidents of TLI from in or about January 2010 through in or about October 2014.  Thus, Condrey was a "domestic concern" and an officer, employee and agent of a "domestic concern," as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

4.      "Co-Conspirator One," a person whose identity is known to the Grand Jury, was an owner and executive of TLI with defendant **LAMBERT** and Condrey from in or about 1998 to in or about December 2009, and a consultant to TLI from in or about January 2010 through in or about 2011.

5.      JSC Techsnabexport ("TENEX") supplied uranium and uranium enrichment services to nuclear power companies throughout the world on behalf of the government of the Russian Federation.  TENEX was indirectly owned and controlled by, and performed functions of, the government of the Russian Federation, and thus was an "agency" and "instrumentality" of a foreign government, as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2).

6.      TENAM Corporation ("TENAM"), located in the United States, was a wholly-owned subsidiary of TENEX established in or about October 2010.  TENAM was TENEX's official representative office in the United States.  TENAM was owned and controlled by, and performed functions of, the government of the Russian Federation, and thus was an "agency" and "instrumentality" of a foreign government, as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2).

7.      Vadim Mikerin ("Mikerin"), a national of the Russian Federation, was a Director of TENEX from at least in or around 2004 through in or around 2011, and also was the President of TENAM from in or around October 2010 through in or around October 2014.  From in or

67

around 2011 through in or around October 2014, Mikerin was a resident of Maryland.  Mikerin was a "foreign official" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2).

8.      "Shell Company A," a company whose identity is known to the Grand Jury, was a shell company with a purported physical address in the Republic of Seychelles.  Shell Company A had bank accounts at financial institutions in Cyprus associated with a Russian national.

9.      "Shell Company B," a company whose identity is known to the Grand Jury, was a shell company with a purported physical address in the United Kingdom.  Shell Company B had a bank account at a financial institution in Latvia associated with a Russian national.

10.      "Shell Company C," a company whose identity is known to the Grand Jury, was a shell company with a purported physical address in the British Virgin Islands.  Shell Company C had bank accounts at financial institutions in Switzerland associated with a Russian national.

*The Foreign Corrupt Practices Act*

11.      The FCPA, as amended, Title 15, United States Code, Sections 78dd-1, *et seq.*, was enacted by Congress for the purpose of, among other things, making it unlawful to act corruptly in furtherance of an offer, promise, authorization, or payment of money or anything of value, directly or indirectly, to a foreign government official for the purpose of obtaining or retaining business for, or directing business to, any person.

*The Scheme to Defraud and Make Corrupt Payments*

12.      At some point in or before 2009, defendant **LAMBERT** and Condrey learned that Co-Conspirator One had agreed with Mikerin to make corrupt bribe and kickback payments in order for TLI to obtain and retain business and contracts with TENEX.  Co-Conspirator One explained that the amount of each corrupt payment was based on an agreement with Mikerin to

68

kickback a percentage of certain contract awards that TENEX awarded to TLI to benefit Mikerin, and that Mikerin would help TLI win contract awards with TENEX if such corrupt payments were made. Soon after learning of the corrupt and fraudulent scheme, defendant LAMBERT and Condrey agreed to enter into the conspiracy with Co-Conspirator One to make corrupt and fraudulent bribe and kickback payments to offshore bank accounts to benefit Mikerin in order to help TLI obtain and retain business with TENEX.

13. In order to conceal and further the scheme, the co-conspirators, including defendant LAMBERT and Condrey, used the terms "remuneration" and "commission" when documenting the corrupt and fraudulent payments on an internal spreadsheet and when communicating with unknowing TLI employees who unwittingly processed the corrupt and fraudulent payments to offshore accounts.

14. In order to justify TLI's corrupt and fraudulent payments to offshore accounts to benefit Mikerin, and to generate the money to make the payments, defendant LAMBERT, Condrey and others, including Co-Conspirator One and Mikerin, caused fake invoices to be prepared, which purported to be from TENEX to TLI and which fraudulently described services that were never provided by TENEX to TLI. Defendant LAMBERT, Condrey, and others, including Co-Conspirator One, caused TLI to make the corrupt and fraudulent payments after TLI received the fraudulent invoices.

15. Co-Conspirator One left TLI in early 2010, but continued to work as a consultant to TLI. Upon Co-Conspirator One's departure from TLI, defendant LAMBERT and Condrey became co-Presidents of TLI and continued to conspire with Co-Conspirator One to communicate with Mikerin and facilitate the corrupt and fraudulent bribe and kickback payments.

69

16.   Co-Conspirator One died in or around August 2011.  After Co-Conspirator One's death and continuing through in or around October 2014, defendant **LAMBERT** and Condrey continued the corrupt and fraudulent bribe and kickback scheme and communicated directly with Mikerin to obtain fraudulent invoices and facilitate the corrupt and fraudulent payments.

…………..

On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

**MARK T. LAMBERT,**

who was a domestic concern and an officer, employee, and agent of a domestic concern within the meaning of the FCPA, willfully made use of, and aided, abetted, and caused others to make use of, the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to any foreign official, and to any person, while knowing that the money and thing of value will be offered, given, and promised, directly and indirectly, to any foreign official for the purposes of: (i) influencing acts and decisions of such foreign official in his official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his influence with a foreign government and instrumentalities thereof to affect and influence acts and decisions of such government and instrumentalities, in order to assist defendant **LAMBERT**, Condrey, Co-Conspirator One, and TLI, in obtaining and retaining business for and with, and directing business to defendant **LAMBERT**, Condrey, Co-Conspirator One, TLI, and others, as follows:

| Count | Approximate Date | Corrupt Means and Instrumentalities of Interstate Commerce |
|---|---|---|
| 2 | September 27, 2011 | Wire transfer of approximately $81,397.21 from TLI's bank account in Maryland to a Shell Company B bank account in Latvia for the benefit of Mikerin |
| 3 | December 22, 2011 | Wire transfer of approximately $125,930.53 from TLI's bank account in Maryland to a Shell Company B bank account in Latvia for the benefit of Mikerin |
| 4 | March 29, 2012 | Wire transfer of approximately $48,089.30 from TLI's bank account in Maryland to a Shell Company B bank account in Latvia for the benefit of Mikerin |

70

| 5 | May 6, 2013 | Wire transfer of approximately $25,774 from TLI's bank account in Maryland to a Shell Company C bank account in Switzerland for the benefit of Mikerin |
| 6 | July 11, 2013 | Wire transfer of approximately $95,833.55 from TLI's bank account in Maryland to a Shell Company B bank account in Latvia for the benefit of Mikerin |
| 7 | August 30, 2013 | Wire transfer of approximately $94,102 from TLI's bank account in Maryland to a Shell Company C bank account in Switzerland for the benefit of Mikerin |
| 8 | October 1, 2014 | Wire transfer of approximately $45,954.45 from TLI's bank account in Maryland to a Shell Company C bank account in Switzerland for the benefit of Mikerin |

~~Counts Two through Eight of the Supreseding Indictment, which I have just read to you,~~ ~~charge the defendant with violating § 78dd-2 of Title 15 of the United States Code.~~ That law, in relevant part, says the following:

> It shall be unlawful for any domestic concern . . . or for any officer, director, employee, or agent of such domestic concern or any stockholder thereof acting on behalf of such domestic concern, to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value—
>
> (1) to any foreign official for purposes of—
>
> (A)
>
> > (i) influencing any act or decision of such foreign official in his official capacity,
> >
> > (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or
> >
> > (iii) securing any improper advantage; or
>
> (B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,
>
> in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to, any person;… or

72

(3) to any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official…for purposes of—

(A)

(i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity,

(ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or

(iii) securing any improper advantage; or

(B) inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to, any person.

15 U.S.C. § 78dd-2.

73

### 32.60.    Counts Two through Eight - Elements of the Offenses

In order for the Defendant, Mark Lambert, to be found guilty of Counts Two through Eight, the crime of violating the FCPA, the Government must prove has the burden of proving each of the following elements separately as to Mr. Lambert:

First, the Government must prove beyond a reasonable doubt:

First, the defendant is that Mr. Lambert is a "domestic concern," or an officer, director, employee, or agent of a "domestic concern," or a stockholder thereof acting on behalf of such domestic concern, concepts that I will define for you shortly;

Second, the Government must prove beyond a reasonable doubt that the defendant acted corruptly and willfully, terms which I will define for you shortly;

Third,Third, the Government must prove beyond a reasonable doubt that the defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act underconduct that violates this statute, or aided and abetted another to do the same;

Fourth, the Government must prove beyond a reasonable doubt that the defendant knowingly either paid or offered, paid, promised to pay, or authorized the payment of money or of anything of value, or aided and abetted another to do the same to a foreign official;

Fifth,Fifth, the Government must prove beyond a reasonable doubt that the payment or gift was to a foreign official or to any person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official;

74

Sixth, the Government must prove beyond a reasonable doubt that the payment was for one of four purposes:

- to influence any act or decision of the foreign

  official in his or her official capacity;

- to induce the foreign official to do or omit to do any

  act in violation of that official's lawful duty;

- to induce that foreign official to use his or her

  influence with a foreign government or

  instrumentality thereof to affect or influence any act

  or decision of such government or instrumentality; or

- to secure any improper advantage; and

Seventh, the payment was made to assist the defendant, or another whom he aided and abetted, in obtaining or retaining business for or with, or directing business to, any person.

*United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 (Jury Instructions)(Exh. 1 attached hereto), at 21-22.

75

**33.61.    Counts Two through Eight: First Element – Domestic Concern**

For Counts Two through Eight, the first element that the Government must prove beyond a reasonable doubt to establish a violation of the FCPA is that the defendant was an officer, director, employee, or agent of a domestic concern, or a stockholder thereof acting on behalf of such domestic concern, or that he aided and abetted a domestic concern, or an officer, director, employee, or agent of a domestic concern, or a stockholder thereof.  A "domestic concern" is: (a) any individual who is a citizen, national, or resident of the United States; or (b) any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship which has its principal place of business in the United States, or which is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.[1]

1.  "Agent" defined

An agent is a person who by express or implicit agreement with another person or entity, called the principal, undertakes to represent, or to act on behalf of, the principal in performing some service for the principal.[2]  To be considered an agent there must be a manifestation by the principal that the agent will act for the principal; the agent must accept the undertaking; and the parties must understand that the principal is in control of the undertaking.  Such control need not be present at every moment, its exercise may be attenuated, and it may even be ineffective.[3]

---

[1] *United States v. Ho*, No. 17-cr-779 (S.D.N.Y. Dec. 4, 2017), Jury Instructions at 1083-84(Exh. 2 attached hereto).

[2] *Id.* at 1084.

[3] *See Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 522-23 (2d Cir. 2006) (holding that the analysis of "control" and agency is "highly-factual and often nuanced," and that "the control asserted need not 'include control at every moment; its exercise may be very attenuated and, as where the principal is physically absent, may be ineffective.'" (quoting Restatement (Second) of Agency § 14 cmt. a.)).

Joint participation in a partnership or joint venture, ~~whether formal or informal, suffices~~ establishes 'control' sufficient[4] to make each partner or joint venturer an agent of the others.

Proof of agency need not be in the form of a formal agreement between agent and ~~the~~ principal; rather, it may be inferred circumstantially and from the words and actions of the parties involved.

*United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 (Jury Instructions), at 22 (Domestic Concern).

**Defendant Objects to this Instruction in its Entirety and Proposes the Following Instruction:**

(Counts Two Through Eight: First Element – Domestic Concern Defined)

For the purposes of the FCPA, a "domestic concern" is defined as:

1. any individual who is a citizen, national, or resident of the United States; or

2. any corporation, partnership, association, joint stock company, business trust, unincorporated organization, or sole proprietorship which has its principal place of business in the United States, or which is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.

Therefore, you may find that the government has met its burden for this element if you find that Mr. Lambert was a citizen, national, or resident of the United States or if you find that TLI was a United States corporation and Mr. Lambert acted as an agent for TLI.

---

[4] *CutCo Indus. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986) ("Under traditional agency law, joint participation in a partnership or joint venture establishes 'control' sufficient to make each partner or joint venturer an agent of the others." (citing *Latta v. Kilbourn,* 150 U.S. 524, 543 (1893) ("[b]y the well settled law of partnership each member of the firm is both a principal and an agent")).

77

15 U.S.C. § 78dd-2(h)(1) (definition of "domestic concern")

### ~~34.~~62.    Counts Two through Eight: Second Element – Corruptly and Willfully

The second element that the Government must prove beyond a reasonable doubt to establish a violation of the FCPA is that the defendant acted corruptly and willfully.  An act is "corruptly" done if it is done voluntarily and intentionally, and with a bad purpose or evil motive of accomplishing either an unlawful end or result, or a lawful end or result but by some unlawful method or means.  The term "corruptly" in the FCPA [is intended to connote][5][means][6] that the offer, payment, or promise was intended to induce the foreign official to misuse his or her official position.[7]

The term "willfully" means that the defendant committed the act voluntarily and purposefully, and with knowledge that his conduct was, in a general sense, unlawful.  That is, the defendant must have acted with a bad purpose to disobey or disregard the law.  The Government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision.[8]

**Defendant Objects to this Instruction in its Entirety and Proposes the Following Instruction:**

The second element that the government must prove beyond a reasonable doubt to establish a violation of the FCPA is that the defendant, Mark Lambert, acted corruptly and willfully.

---

[5] *United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 (Jury Instructions), at 21-22.

[6] *United States v. Ho*, No. 17-cr-779 (S.D.N.Y. Dec. 4, 2017), Jury Instructions at 1084-85.

[7] *Id., Esquena*zi at 21-22; *Ho* at 1084-85.

[8] *Ho*, at 1085.

79

A person acts "corruptly" if he acts voluntarily and intentionally, and with a bad, wrongful, or improper purpose or evil motive to accomplish unlawful end or result, or a lawful end or result but by some unlawful method or means.  In other words, it is the government's burden to prove that the defendant, Mark Lambert, intended to induce a foreign official to misuse his or her official position and knew his conduct was unlawful according to the laws of the United States.[9]

A person acts "willfully" if he acts voluntarily and intentionally, and with the intent to do something that the laws of the United States forbid. That is, the defendant must have acted with a bad purpose to disobey or disregard U.S. law.  A defendant need not be aware of the specific law or rule that his conduct may be violating, but he must act with the intent to do something the law forbids and must be aware that he is violating the laws of the United States by his actions. Here, for the government to prove that Mark Lambert acted "willfully," you must find that Mr. Lambert intended to take an action that violated U.S. law and was aware that his actions were against the law.[10]

---

[9] "Corruptly" instruction adapted from instruction given in *United States v. Green*, 2:08-cr-00059 (C.D. Cal), Dkt. 288, Jury Instructions at 10 (*See* Exhibit – United States v. Green Jury Instructions, Exh. 3 attached hereto)).

[10] "Willfully" instruction adapted from *United States v. Kay*, 513 F.3d 432, 447-48 (5th Cir. 2007)(Exh. 4 attached hereto).

### 35.63.   Counts Two through Eight - Third Element – Use of an Instrumentality of Interstate Commerce

The third element that the Government must prove beyond a reasonable doubt to establish a violation of the FCPA is that the defendant intended to make, or someone acting at his direction or with his authorization, made use of the mails or any other instrumentality of interstate commerce, such as email, in furtherance of an unlawful act under this statute, or aided and abetted another to do so.

The term "interstate commerce" means trade, commerce, transportation, or communication among the several States, or between any foreign country and any State or between any State and any place outside thereof, and such term includes the interstate use of (a) a telephone or other interstate means of communication, such as email, text message or fax, between the states or between the United States and a foreign country, or a transfer of money by wire between states or between the United States and a foreign country; or (b) any other interstate commerce instrumentality.  If such mechanisms as trade, transportation, or communication are utilized An "instrumentality" of interstate commerce as a means used by persons and goods passing between the various states, or between the United States any state and a foreign country, and includes means of communication, such as they are instrumentalities of interstate commerce.  I instruct you that, as a matter of law, sending an international wire transfer through a U.S. bank constitutes the use of a means a telephone or instrumentality of interstate commerce fax machine.  So if you find that the Government has proved beyond a reasonable doubt that Mr. Lambert made use of such a thing occurred an instrumentality in

81

furtherance of unlawful act under the statute,by the defendant or someone acting at his direction, in furtherance of the offense, you may find that this element has been proved. [11]

---

[11] *United States v. Ho*, No. 17-cr-779 (S.D.N.Y. Dec. 4, 2017), Jury Instructions at 1085-86.

82

### 64. Counts Two through Eight – Fourth Element: Promise to Pay

As I previously told you, the fourth element that the Government must prove beyond a reasonable doubt for you to convict a defendant of violating the FCPA is that the defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value, or aided and abetted another to do the same. A "thing of value" can take any form, whether cash, check, wire transfer, gifts, donations, contributions, or anything else. It is not required that the defendant provide or offer the thing of value himself. Rather, a defendant who engages in bribery of a foreign official indirectly, through any other person, is liable under the FCPA just as if the defendant had engaged in the bribery directly. Thus, if you find that the defendant authorized another person to pay a bribe, that authorization alone is sufficient for you to find that this element has been proved.

Furthermore, it is not required that the payment actually be made. A promise to pay and the authorization of payment are each also prohibited by the FCPA. Indeed, a domestic concern, or an officer, employee, or agent of a domestic concern, that engages in bribery of a foreign official indirectly through any other person or entity is liable under the FCPA, just as if the person had engaged in the bribery directly. Thus, if you find that a defendant was an agent of a domestic concern, and that he authorized another person to pay a bribe, that authorization alone is sufficient for you to find that this element has been proven.[12]

To repeat, it is not necessary that the payment actually take place. Instead, it is the offer or the authorization that completes the crime. You may find this element satisfied if you find that the defendant promised or authorized an unlawful payment, or aided and abetted another to

---

[12] *United States v. Ho,* No. 17-cr-779 (S.D.N.Y. Dec. 4, 2017), Jury Instructions at 1086-87.

83

do so, even if you believe that the payment was not actually made.  It is sufficient simply if the defendant believed that a bribe would be paid and that he promised or authorized the bribe to be paid, or aided and abetted another to do so.

**Defendant Objects to this Instruction in its Entirety and Proposes the Following Instruction:**

As I previously instructed you, the fourth element that the government must prove beyond a reasonable doubt under the Foreign Corrupt Practices Act is that the defendant made an actual payment, offer or promise to pay, or authorization to pay something of value to a foreign official for a prohibited purpose. While it is not necessary that a payment actually be completed, you may only find that the government has proved this element if you find Mr. Lambert believed that a bribe would be paid and that he specifically intended to pay  the bribe or specifically intended to offer, promise, or authorize a bribe to be paid. If you find that Mr. Lambert did not believe that payments he authorized would be used as a bribe, the government has not proved this element.[13]

---

[13] Adapted from Jury Instructions, *United States v. Esquenazi*, No. 1:09-cr-21010-JEM (S.D. Fla. Aug. 5, 2011), ECF No. 520 at 24-25 (Exhibit – United States v. Esquenazi Jury Instructions)(Exh. 5 attached hereto).

84

Formatted: Normal, Line spacing: Double

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 1 + Alignment: Left + Aligned at: 0.75" + Indent at: 1"

### 65. Counts Two through Eight – Fifth Element: Payment to a Foreign Official

The fifth element that the Government must prove beyond a reasonable doubt to establish a violation of the FCPA is that the offer to pay, payment, promise to pay, or authorization of payment was to a foreign official or to any person or entity, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official. The defendant, therefore, does not have to pay the foreign official directly. It is enough that the defendant pay a third party, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official.

1. "Knowing" Defined

For the purposes of the FCPA, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (a) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (b) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur. For purposes of the FCPA, a person is deemed to have such knowledge if the evidence shows that he or she was aware of a high probability of the existence of such circumstance, unless he or she actually believes that such circumstance does not exist. [14] So if the defendant paid money to a third party, and the defendant was aware of a high probability that some or all of the money would be passed on to a foreign official, this element is satisfied. "Foreign Official" defined

---

[14] *United States v. Ho*, No. 17-cr-779 (S.D.N.Y. Dec. 4, 2017), Jury Instructions at 1087-88.

85

The term "foreign official" means any officer or employee of a foreign government or any department, agency, or instrumentality thereof, or any person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality.[15]

2.  "Instrumentality" defined

The defendant has been charged with offering, promising, or authorizing the payment of bribes to an employee of JSC Techsnabexport ("TENEX") or its wholly owned subsidiary TENAM, or any person acting in an official capacity for or on behalf of TENEX or TENAM, or aiding and abetting others to do the same.

With respect to any employee of TENEX or TENAM, or any person acting in an official capacity for or on behalf of TENEX or TENAM, in order for you to find such a person to be a foreign official, you must find that TENEX or TENAM was a government instrumentality.  An "instrumentality" of a foreign government is a means or agency through which a function of the foreign government is accomplished.   State-owned or state-controlled companies that provide services to the public may meet this definition.[16]

To decide if TENEX or TENAM is an "instrumentality" of the government of Russia, you may consider the following factors as they existed during the relevant time period:

a)  whether the Russian government had a controlling interest in TENEX or TENAM;[17]

b)  the circumstances surrounding TENEX or TENAM's creation;

c)  whether TENEX or TENAM provides services to the citizens and inhabitants of Russia;

---

[15] *United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 (Jury Instructions), at 23-25.
[16] *United States v. Esquenazi*, 752 F.3d 912, 927 (11th Cir. 2014).
[17] *Id.* at 925.

86

d) the degree to which the Russian government effectuates certain national policies or priorities through TENEX or TENAM;

e) whether TENEX or TENAM's key officers or directors are government officials or are appointed by government officials;

f) whether the government has the power to fire key officers or directors;[18]

g) the extent to which TENEX or TENAM's profits, if any, go directly into the government fisc, and, by the same token, the extent to which the government funds the entity if it fails to break even;

h) whether TENEX or TENAM has a monopoly over the functions it exists to carry out;[19]

i) the degree to which TENEX or TENAM is subject to government controls and oversight, including with regard to fiscal matters and conduct of public officials;

j) whether the government subsidizes the costs associated with the entity providing services;[20]

k) TENEX's and TENAM's obligations and privileges under Russian law;[21]

l) Russia's characterization of TENEX and TENAM and its employees;

m) whether TENEX or TENAM is widely perceived and understood to be performing official or government functions; and

n) the length of time these indicia have existed.

These factors are not exclusive, and no single factor will determine whether TENEX or

---

[18] *Id.*
[19] *Id.* at 926.
[20] *Id.*
[21] *Id.* at 927.

87

TENAM is an instrumentality of the Russian government.  In addition, you do not need to find that all the factors listed above weigh in favor of TENEX or TENAM being an instrumentality in order to find that TENEX or TENAM is an instrumentality.

If you find that TENEX or TENAM are instrumentalities, then you must find that their employees are "foreign officials" under the FCPA.

If you find that TENEX is an instrumentality, then you must find that anyone acting in an official capacity for or on behalf of TENEX, even if they are not an employee of TENEX, is a "foreign official" under the FCPA.[22]

**Defendant Objects to this Instruction in its Entirety and Proposes the Following Instruction:**

1.    (Counts Two through Eight – Fifth Element: Payment to a Foreign Offical)

The FCPA does not criminalize all payments made to foreign nationals, but only corrupt payments made to a "foreign official." Therefore, the Government must prove beyond a reasonable doubt that the intended recipient of the payment or gift at issue was a "foreign official" at the time of the alleged payment.

The term "foreign official" means any officer or employee of a foreign government (or any department, agency, or instrumentality thereof), or any person acting in an official capacity for or on behalf of any such government, department, agency or instrumentality. The term "foreign official" does not include all employees of a department, agency, or instrumentality of a foreign government, but only those who perform government functions.[23]

---

[22] See 15 U.S.C. §78dd-2(h)(2).
[23] *See United States v. Tug Pemex XV*, 1 AMC 896, 1960 WL 99004 (S.D. Tex. Jan. 14, 1960) (holding a Mexican state-owned corporation was not an "instrumentality" under common law and the predecessor statute to the Foreign Sovereign Immunities Act with regard to purely commercial conduct and denying Pemex's motion to dismiss on the basis of sovereign immunity

A government function does not include duties that are essentially ministerial or clerical. Even if some parts of a company perform government functions, others may not. An employee who does not perform government functions does not meet the definition of a "foreign official."[24]

Therefore, to meet its burden to prove this element of an FCPA violation, the Government must prove beyond a reasonable doubt that at the time he received the payments at issue, Vadim Mikerin was performing government functions on behalf of TENEX or TENAM, and that TENEX and TENAM were "instrumentalities" of the Russian government. An entity is not an "instrumentality of a foreign government" merely because it is government owned.[25] An "instrumentality" of a foreign government is an entity created, owned or controlled by a foreign government to achieve a governmental purpose or function.[26] To decide whether TENEX or TENAM is an instrumentality of the government of the Russian Federation, you may consider factors including, but not limited to:

1.  the purpose of TENEX and TENAM's activities, including whether TENEX and TENAM provide services to the citizens and inhabitants of Russia;

2.  the circumstances around TENEX and TENAM's creation;

3.  the degree of the Russian government's control over TENAM and TENEX, including whether TENEX and TENAM's key officers and directors are

---

because Pemex's vessels were used for private, commercial activity and not for a public, governmental function).

[24] *See* OECD Convention on Combating Bribery of Foreign Public Officials in International Business Transactions, of November 21, 1997, Commentary at 15 (excluding from the definition of an "official of a public enterprise . . . enterprise[s] that operate[] on a normal commercial basis in the relevant market, i.e., on a basis which is substantially equivalent to that of a private enterprise, without preferential subsidies or other privileges."); *United States v. Kay*, 359 F.3d 738, 754 (5th Cir. 2004) (concluding that the Convention, and the official OECD Commentary thereto, are authority for interpreting the FCPA's terms where traditional methods of statutory construction fail to resolve ambiguity)

[25] *United States v. Esquenazi*, 752 F.3d 912, 927 (11th Cir. 2014).
[26] *Id.*

89

government officials or are appointed by government officials;

4.  the extent of Russia's ownership of TENAM and TENEX, including whether it provides financial support such as subsidies, special tax treatment, loans, or revenue from government-mandated fees;

5.  TENEX and TENAM's obligations and privileges under Russian law, including whether TENEX and TENAM exercise exclusive or controlling power to administer their functions;

6.  Whether TENEX and TENAM are widely perceived and understood to be performing official or government functions

These factors are not exclusive, and no single factor will determine whether TENEX or TENAM is an instrumentality of a foreign government.[27] In addition, you need not find that an entity qualifies as an instrumentality merely because its parent company is an instrumentality.[28] Instrumentality is not defined within § 78dd-2(h)(2)(A) or elsewhere in the FCPA.

Adapted from *United States v. Esquenazi,* 752 F.3d 912, 925-28 (11th Cir. 2014)*; United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 (Jury Instructions), at 23-25.

---

[27] *Id.*
[28] *Id.*

90

**66. Counts Two through Eight – Sixth Element: Purpose of Payments**

The sixth element that the Government must prove beyond a reasonable doubt to establish a violation of the FCPA is that the payment was for one of four purposes:

- To influence any act or decision of the foreign official in his or her official capacity;

- To induce the foreign official to do or omit to do any act in violation of that official's lawful duty;

- To induce that foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality; or,

- To secure any improper advantage.[29]

If the Government proves beyond a reasonable that the payment was for one of these four purposes, it has satisfied this element of the offense.

**Defendant Objects to this Instruction in its Entirety and Proposes the Following Instruction:**

The sixth element that the government must prove beyond a reasonable doubt to establish a violation of the FCPA is that the payment was for one of four purposes:

- To influence any act or decision of the foreign official in his or her official capacity;

- To induce the foreign official to do or omit to do any act in violation of that official's lawful duty;

---

[29] *United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 (Jury Instructions), at 21-22.

91

- To induce that foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality; or

- To secure any improper advantage.

If the government proves beyond a reasonable that the payment was for one of these four purposes, it has satisfied this element of the offense. **The government must show that the payment was knowingly offered to a foreign official with the specific intent and subjective expectation that, in exchange for the payment, some act of a public official would be influenced.[30] The defendant must have made the payment with more than some generalized hope or expectation of ultimate benefit.[31] Rather, the payment, gift, or promise must be offered with the specific intent and design to influence official action in exchange for the donation.[32] The defendant must have intended the payment to be part of an explicit "quid pro quo."[33]**

**Therefore, to convict Mr. Lambert for violations of the FCPA, the government must prove beyond a reasonable doubt that Mr. Lambert knew that Mr. Mikerin was a public official and specifically intended and expected that some official action of the Russian government would be influenced in exchange for the payment to Mr. Mikerin. If you find instead that Mr. Lambert believed and intended the payments in question to be for legitimate business purposes, rather than one of the four purposes I just described, you must find him "not guilty."**

---

[30] *United States v. Kay*, 359 F.3d 738, 744-45 (discussing *quid pro quo* requirement for FCPA violation); *United States v. Jefferson*, 1:07-cr-00209-TSE, Dkt. 684, Jury Instructions at 58-60 (Exhibit – United States v. Jefferson Jury Instructions)(Exh. 6 attached hereto) (discussing *quid pro quo* requirement for bribery offense).

[31] *Id.*

[32] *Id.*

[33] *Id.*

*United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 (Jury

Instructions), at 20-21).

**67. Counts Two through Eight – Seventh Element: Payment to Obtain or Retain**

**Business**

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.75" + Indent at:  1"

The seventh element that the Government must prove beyond a reasonable doubt to establish a violation of the FCPA is that the payment was made to assist a domestic concern in obtaining or retaining business for or with, or directing business to, any person or company.

It is not necessary for the Government to prove that any person or company actually obtained or retained any business as a result of an unlawful offer, payment, promise, or gift, only that the defendant intended to assist the domestic concern in obtaining or retaining business for or with any person or company.[34]  Moreover, the ~~Act's~~ FCPA's prohibition of corrupt payments to assist in obtaining or retaining business is not limited to the obtaining or renewal of contracts or other business, but also includes a prohibition against corrupt payments related to the execution or performance of contracts or the carrying out of existing business, ~~such as a payment to a foreign official for the purpose of obtaining more favorable tax treatment.~~[35]

**Defendant Objects to this Instruction in its Entirety and Proposes the Following Instruction:**

The seventh element that the Government must prove beyond a reasonable doubt to establish a violation of the FCPA is that the payment was made for the purpose of assisting the defendant in obtaining or retaining business for or with, or directing business to, any person or company.

It is not necessary for the government to prove that the person or company actually obtained or retained any business whatsoever as a result of an unlawful offer, payment, promise, or gift.

---

[34] *United States v. Ho*, No. 17-cr-779 (S.D.N.Y. Dec. 4, 2017), Jury Instructions at 1089
[35] *United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 (Jury Instructions), at 25-26.

94

**However, as with the previous element, the payment must have been made with the specific intent or design by the defendant of obtaining or retaining business.[36] The defendant must have had more than a generalized hope or expectation that a business would ultimately benefit.[37] There must be an actual, explicit *quid pro quo*.[38]**

---

[36] *United States v. Kay*, 359 F.3d 738, 744-45 (discussing "business nexus" requirement for FCPA violation).
[37] *Id.*
[38] *Id.*

95

**68. Solicitation of Bribe Not a Defense – Explained**

It does not matter who suggested that a corrupt offer, payment, promise or gift be made. The ~~Act~~ FCPA prohibits any payment or gift intended to influence the recipient, regardless of who first suggested it.  It is not a defense that the payment was demanded on the part of a [foreign][39] official as a price for continuing to do business or other benefit or that the business may be harmed if the payment is not made.  That the offer to pay, payment, promise to pay, or authorization of payment may have been first suggested by the recipient is not deemed an excuse for a [defendant's][40] decision to make a corrupt payment, nor does it alter the corrupt purpose with which the offer to pay, payment, promise to pay, or authorization of payment was made.[41]

**Defendant would add: However, if you find that the alleged foreign official here committed extortion or coerced TLI and/or the defendant into agreeing to make the payments at issue by threatening serious economic loss to TLI's business, you may consider that fact when deciding whether Mr. Lambert acted with the required corrupt intent.[42] An official commits extortion if he obtains money or something of value from another person by intimidation, threats of serious economic loss to a person or a business, or withholding official action until the official's demands are met.[43]**

---

[39] *United States v. Ng,* No. 15-cr-706 (S.D.N.Y. July 26, 2017), Jury Instructions at 4262(Exh. 7 attached hereto).

[40] Id.

[41] *See United States v. Kozeny*, 582 F.Supp. 2d 535, 540 & n.31 (S.D.N.Y. 2008) (finding that a bribe payor who claims payment was demanded as a price for gaining market entry or obtaining a contract "cannot argue that he lacked the intent to bribe the official because he made the 'conscious decision' to pay the official.")

[42] *United States v. Kay*, No. 4:01-cr-00914, ECF No. 257 (Jury Instructions), at 23 (S.D. Tex. 2004) (Exhibit – United States v. Kay Jury Instructions)

[43] *Id.*

### 69. The Indictment and the Wire Fraud Statute

Counts Nine and Ten of the Superseding Indictment charge that the defendant devised a scheme to defraud TENEX by means of false representations and in furtherance of that scheme knowingly caused interstate wires to be used.

The relevant statute on this subject is section 1343 of Title 18 of the United States Code. It provides:

Whoever, having devised or intended to devise any scheme or artifice to defraud,

or for obtaining money or property by means of false or fraudulent pretenses,

representations, or promises, transmits or causes to be transmitted by means of

wire, radio or television communication in interstate or foreign commerce, any

writings, signs, pictures or sounds, shall be [guilty of a crime].

Sand, *Modern Federal Jury Instructions*, No. 44-1 (modified).

### 70. Purpose of the Wire Fraud Statute

The purpose of the federal wire fraud statute is to prevent, or to provide penalties for, the use of interstate wire transmissions or electronic transmissions for fraudulent purposes.

Sand, *Modern Federal Jury Instructions*, No. 44-2 (modified to substitute references to wire fraud for references to mail fraud and to delete the state law reference)

**Formatted:** Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 1 + Alignment: Left + Aligned at:  0.75" + Indent at:  1"

**Formatted:** Font: (Default) Times New Roman, 12 pt

**Formatted:** Space After:  0 pt, Line spacing:  Double

### 71. Wire Fraud: Elements of the Offenses

In order to sustain the charges of wire fraud set forth in Counts Nine and Ten as alleged in the Second Superseding Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money by materially false and fraudulent pretenses, representations, and promises, as alleged in the Superseding Indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud, or that he knowingly and intentionally aided and abetted others in the scheme; and

Third, that in execution of that scheme, the defendant used or caused the use of interstate wires, as specified in the Superseding Indictment.

Sand, *Modern Federal Jury Instructions*, No. 44-3 (modified to substitute references to wire fraud for mail fraud)

99

### 72. First Element – Existence of a Scheme or Artifice to Defraud

The first element that the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud TENEX of money by means of false or fraudulent pretenses, representations, or promises.

This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle. Here, the government must prove that there was a plan to deceive TENEX in order to deprive it of money.

The scheme to defraud is alleged to have been carried out by making false or fraudulent statements or representations.

A statement or representation is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements or half truths or the concealment of material facts may also constitute false or fraudulent statements under the statute.

100

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial. So here, you must find that the participants in the scheme made statements to TENEX that they knew were false or deceitful at the time they were made.

The false or fraudulent representation or failure to disclose must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts. Here, the government must prove that false or deceptive statements made to TENEX would have been an important factor in the decision to award contracts to TLI.

The representations which the government charges were made as part of the scheme to defraud are set forth in paragraphs 1 through 10, 12 through 16, and 18 through 26, as well as Overt Acts A through KK of Count One of the Second Superseding Indictment. It is not required that every misrepresentation charged in the Second Superseding Indictment be proved. It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

101

**Formatted:** Font: (Default) Times New Roman, 12 pt

**Formatted:** Font: (Default) Times New Roman, 12 pt

However, the Government is not required to prove that the defendant personally originated the scheme to defraud.  Furthermore, it is not necessary that the Government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.  Although whether or not the scheme succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

Sand, *Modern Federal Jury Instructions*, 44-4 (modified to include references to Count One and its Overt Acts **and in to reflect the facts of this case**); 18 U.S.C. § 1343

**Formatted:** Font: (Default) Times New Roman, 12 pt

**Formatted:** Font: (Default) Times New Roman, 12 pt

102

### 73. Second Element – Participation in Scheme with Intent

The second element that the Government must prove beyond a reasonable doubt with regard to the wire fraud charges is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

I have already instructed you on the meaning of "knowingly" and "willfully."

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendants is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

103

Under the **wire** fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

There is another consideration to bear in mind in deciding whether or not the defendant acted in good faith.  You are instructed that if a defendant participated in the scheme to defraud, then a belief by that defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the defendant acted in good faith.

As a practical matter, then, in order to sustain each wire fraud charge[] against the defendant, the Government must establish beyond a reasonable doubt that he knew that his or her conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

The Government can also meet its burden of showing that the defendant had knowledge of the falsity of the statements if it establishes beyond a reasonable doubt that he acted with deliberate disregard of whether the statements were true or false, or with a conscious purpose to avoid learning the truth. If the Government establishes that a defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statements to be true. This guilty knowledge, however, cannot be established by demonstrating that the defendant was merely negligent or foolish.

To conclude on this element, if you find that Mr. Lambert was not a knowing participant in the scheme or that he lacked the specific intent to defraud TENEX, you should acquit him. On

104

the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that Mr. Lambert was a knowing participant and acted with specific intent to defraud TENEX, and if the Government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

Sand, *Modern Federal Jury Instructions*, No.44-5 (modified to reflect: (1) that Court has already instructed on knowledge/willfulness; and, (2) to insert facts specific to charges here)

105

### 74. Third Element – Use of Interstate Wires

The third and final element that the Government must establish beyond a reasonable doubt as to **Counts Nine and Ten** is the use of an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call or email between Maryland and Virginia; or it must pass between the United States and a foreign country, such as a telephone call or email between Maryland and Moscow, Russia.  A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others.  This does not mean that the defendant must specifically have authorized others to send an email or transfer the funds.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though actually not intended, then he or she causes the wires to be used. **Here, you may find that Mr. Lambert caused the the use of wires if you find that he authorized payments with the knowledge that TLI used wire transfers to make such payments in the ordinary course of its business or reasonably could foresee that the wires would be used for such payments**.

106

With respect to the use of the wires, the Government must establish beyond a reasonable doubt the particular use charged in the indictment.  However, the Government does not have to prove that the wires were used on the exact date charged in the indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

The use of the wires can be proved through circumstantial evidence.  Proof of a routine office or business practice of using interstate wire transmissions is sufficient to support a jury's determination that a wiring occurred in a particular instance.

_____

Sand, *Modern Federal Jury Instructions*,  No. 44-7 (modified as in bold to address the specific circumstances of the wire transfers here).  The second-to-last paragraph is drawn from discussions of the proof necessary to establish mailings in *United States v. Waymer*, 55 F.3d 564, 571 (11th Cir. 1995) and *United States v. Shyres*, 898 F.2d 647, 654-55 (8th Cir. 1990).

> **Formatted:** Font: (Default) Times New Roman, 12 pt

> **Formatted:** Font: (Default) Times New Roman, 12 pt

107

**75. Conspiracy**

Next, I will turn to the crime of conspiracy, as charged in Count One.   The defendant is charged in Count One of the Second Superseding Indictment with participating in a conspiracy that had two objectives, in violation of Title 18, United States Code, Section 371.  Specifically, Count One charges that the defendant, Mark Lambert, did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with Daren Condrey,  Co-Conspirator One – whom you now know was Rod Fisk -- and others, known and unknown, to commit offenses against the United States, namely:

a.   to willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value, to a foreign official, and to a person, while knowing that all or a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist defendant Lambert, Condrey, Fisk, TLI and others in obtaining and retaining business for and with, and directing business to, TLI and others, in violation of Title 15, United States Code, Section 78dd-2; and

b.  to knowingly and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and

108

fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice in violation of Title 18, United States Code, Section 1343.

As charged, the crime of conspiracy could be committed by either conspiring to violate the FCPA or by conspiring to commit wire fraud.

109

### 76. Count One: Conspiracy Statute

The relevant statute for Count One of the Second Superseding Indictment is 18 U.S.C. § 371.  It provides:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of a crime].

110

## 77. Unanimity of Theory; Purpose of the Conspiracy Statute

As I stated, the defendant is accused of having been a member of a conspiracy to accomplish two objectives -- to violate the FCPA and to commit wire fraud. The government does not have to prove both these objectives for you to return a verdict of guilty on this charge. But in order to return a guilty verdict, all twelve of you must agree that the same one has been proved beyond a reasonable doubt, or that both have been proved beyond a reasonable doubt. All of you must agree that the defendant conspired to violate the FCPA. Or all of you must agree that the defendant conspired to commit wire fraud.

A conspiracy is a kind of criminal partnership--a combination or agreement of two or more persons who join together to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws.

Indeed, you may find a defendant guilty of the crime of conspiracy to violate the FCPA and to commit wire fraud even though the underlying crime which was one of the the objects of the conspiracy was not actually committed. Moreover, you may find a defendant guilty of conspiracy despite the fact that he was incapable of committing the underlying crime himself.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

Sand, *Modern Federal Jury Instructions*, 19-2 (modified as in bold to include first paragraph).

111

**78. Elements of the Conspiracy Offense**

In order to establish the offense of conspiracy, the government must prove four essential elements:

First, that two or more persons entered into the unlawful agreement charged in Count One of the Second Superseding Indictment;

Second, that the defendant knowingly and willfully became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Second Superseding Indictment; and,

Fourth, that the overt act(s) which you find to have been committed was (were) committed to further some objective of the conspiracy.

**I will now define these terms for you.**

Sand, *Modern Federal Jury Instructions*, 19-3 (modified as in bold to add last sentence)); 18 U.S.C. § 371

## 79. First Element: Existence of Agreement

The first element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy to violate the FCPA and to commit wire fraud is that two or more persons entered the unlawful agreement charged in the Second Superseding Indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

Sand, *Modern Federal Jury Instructions*, 19-4 (modified to refer to this case in paragraph 1).

113

## 80. Second Element: Membership in the Conspiracy

The second element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in Count One of the Second Superseding Indictment existed, you must next ask yourselves who the members of the conspiracy were. In deciding if the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and voluntarily joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for the defendant to be deemed a participant in a conspiracy, they must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Second Superseding Indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan.

The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of their own acts or statements and the reasonable inferences which may be drawn from them.

114

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on their part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of the defendant's participation has no bearing on the issue of the defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy and only a slight knowing and willful connection need be shown linking a particular defendant to the conspiracy to support a finding that the defendant was a member of the conspiracy, though the Government must prove the connection, however slight, beyond a reasonable doubt.

Thus, the defendant may be convicted of conspiracy without full knowledge of all of the conspiracy's details if he joined the conspiracy with an understanding of the unlawful nature thereof and knowingly joined in the plan on at least one occasion, even though he may not have participated before, might not participate again, and played only a minor role.

Participation in a conspiracy may assume many other forms, assuming the other elements of the conspiracy are proven.

I want to caution you, however, that a defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, association with one

115

**Formatted:** Font: (Default) Times New Roman, 12 pt

or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

**In sum, before you may find Mr. Lambert guilty of conspiracy, the Government must have proved beyond a reasonable doubt that the Mr. Lambert, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering either a violation of the FCPA or wire fraud. Only if you find Mr. Lambert understood that the aims of the conspiracy were unlawful, and then adopted and intentionally acted to further those unlawful aims can you find that he was a knowing and voluntary participant in the unlawful agreement**.

Sand, *Modern Federal Jury Instructions*, 19-6 (modified as in bold to reflect the facts of this case); *United States v. Wynn,* 684 F. 3d 473, 477 (4th Cir. 2012).

116

### 81. Third Element: Commission of Overt Act

The third element which the Government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one member of the conspiracy knowingly committed at least one of the overt acts charged in the Second Superseding Indictment in furtherance of the unlawful scheme.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the Second Superseding Indictment be proven.

Similarly, you need not find that the defendant in this case committed the overt act. It is sufficient for the government to show that one of the other conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Second Superseding Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated.

Finally, you must find that either the agreement was formed or that an overt act was committed anywhere in Maryland.

Sand, *Modern Federal Jury Instructions*, 19-7.

117

## 82. Fourth Element: Commission of Overt Act in Furtherance of the Conspiracy

The fourth, and final, element which the Government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the Second Superseding Indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which, in and of itself, is criminal or constitutes an objective of the conspiracy.

Sand, *Modern Federal Jury Instructions*, 19-8.

118

### 83.  Acts and Declarations of Co-Conspirators

You will recall that I have admitted into evidence against the defendant the acts and statements of other persons because the Government charges that these acts and statements were committed by persons who were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against a defendant has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy which are done in furtherance of the common purpose of the conspiracy, are deemed, under law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Second Superseding Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendant.  This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or

119

if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

Sand, *Modern Federal Jury Instructions*, 19-9.

120

### 84.  Count Eleven: The Indictment and the Statute

In Count Eleven, the defendant is charged with unlawfully transporting funds to or from the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, section 1956(a)(2)(A). Here, the indictment charges Mr. Lambert with knowingly transferring and attempting to transfer $25,774 via wire transfer from TLI's bank account in Maryland to a Shell Company C bank account in Switzerland, with the intent to promote violations of the Foreign Corrupt Practices Act and the wire fraud statute.

Title 18, United States Code, Section 1956(a)(2)(A) provides:

Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer ... funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States- (A) with the intent to promote the carrying out of specified unlawful activity [is guilty of a crime].

Sand, *Modern Federal Jury Instructions*, 50A-1 (modified to fit case).

121

### 85.  Elements of the Offense

In order to prove the crime of unlawful transportation of funds or monetary instruments with the intent to promote the carrying on of specified unlawful activity in violation of section 1956(a)(2)(A), the Government must establish beyond a reasonable doubt each of the following elements:

First, that the defendant transported funds to a place outside the United States from or through a place inside the United States.

Second, that the defendant did so with the intent to promote the carrying on of specified unlawful activity.

Sand, *Modern Federal Jury Instructions*, 50A-2 (modified to reflect a 1956(a)(2)(A) violation)

122

### 86.  First Element – Transporting, Transmitting or Transferring Funds to United States

The first element which the Government must prove beyond a reasonable doubt is that the defendant transported funds from or through a place in the United States to a place outside the United States.

The term "funds" refers to money in any form which can be converted into currency, including a wire transfer.

"Transportation" is not a word which requires a definition; it is a word which has its ordinary, everyday meaning. The Government need not prove that the defendant physically carried the funds in order to prove that he is responsible for transporting it. All that is required is proof that the Mr. Lambert caused the funds to be transported.      To satisfy this element, the government must also prove that the funds were transported from or through someplace in the United States to a place outside the United States, such as Switzerland.

Sand, *Modern Federal Jury Instructions*, 50A-3 (modified to omit "proceeds" conduct).

123

**87.  Second Element – Intent to Promote Specified Unlawful Activity**

The second element which the Government must prove beyond a reasonable doubt is that the defendant acted with intent to promote the carrying on of specified unlawful activity, namely a violation of the FCPA.  I have already defined for you what it means to act intentionally, and in this context it simply means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, facilitating or assisting the carrying on a violation of the FCPA.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the Government has alleged that the funds in question were used to promote a violation of the Foreign Corrupt Practices Act (FCPA). I instruct you that, as a matter of law, a violation of the FCPA falls within that definition and is therefore a specified unlawful activity. However, it is for you to determine whether the funds transferred were used to promote the unlawful activity.

If you find that the Mr. Lambert acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of a violation of the FCPA, then the second element is satisfied. So, in order to find this element satisfied, you must find that Mr. Lambert authorized the wire transfer in question and that he did so with the deliberate intention of carrying on a violation of the FCPA.

Sand, *Modern Federal Jury Instructions*, 50A-3; 50A-5(modified to reflect this case).

124

## 88.  Aiding and Abetting: General

The Second Superseding Indictment charges the defendant with aiding and abetting the FCPA violations, as set forth in Counts Two through Eight, and aiding and abetting money laundering, as set forth in Count Eleven.

The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that: Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Sand, *Modern Federal Jury Instructions*, 11-1 (modified to reflect this case)

### 89. Aiding and Abetting

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

To establish that a defendant knowingly associated himself with the FCPA violations charged in Counts Two through Eight, the Government must establish that the FCPA violations occurred and that the defendant willfully aided and abetted others to commit those charged acts. That is, the government must show that Mr. Lambert knew that another had committed FCPA violations and, knowing that what he was doing was unlawful, aided and abetted that person in committing those FCPA violations. For the money laundering charged in Count Eleven, the

Government must establish that the defendant caused the financial transaction with the intent to promote the carrying on of an FCPA violation.  To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime. That is, the Government must show that Mr. Lambert authorized the wire transfer in question with the knowledge that the payment was in furtherance of an FCPA violation.

Participation in a crime is willful if done voluntarily and intentionally, and with the specific intent to do something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture. Therefore, even if Mr. Lambert assisted in making the payments or offers of payment that the Government alleges violated the FCPA, he is not an aider or abettor if he believed those payments were lawful and did not authorize or offer them with the intent of violating the FCPA.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

127

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

Sand, *Modern Federal Jury Instructions*, 11-2 (modified to reflect this case).

128

**90. *Pinkerton* Liability**

There is another method by which you may evaluate the possible guilt of the defendant for the FCPA violations charged in Counts Two through Eight and the wire fraud charged in Counts Nine and Ten, even if you do not find that the Government has satisfied its burden of proof with respect to each element of those crimes.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count One of the Second Superseding Indictment, and thus, guilty on the conspiracy count, then you may also, but you are not required to, find him guilty of the FCPA violations charged in Counts Two through Eight, and the wire fraud charged in Counts Nine and Ten, provided you find, beyond a reasonable doubt, each of the following elements:

First, that the crime charged in the substantive count was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed; and

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the FCPA violations charged in Counts Two through Eight, and the

129

wire fraud charged in Counts Nine and Ten, even if you find that he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a crime pursuant to a conspiracy is deemed to be the agent of the other conspirators.  Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the crimes committed by its members.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the FCPA or wire fraud violations, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed the FCPA or wire fraud offenses, or aided and abetted the commission of the FCPA offenses.

Sand, *Modern Federal Jury Instructions*, 19-3 (modified).

**Formatted:** Font: (Default) Times New Roman, 12 pt

130

### 91. Punishment

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the judge. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way or, in any sense, to enter into your deliberations.

131

IV.III. **JURY DELIBERATIONS**

37.92.    **Deliberations and Verdict Form**

Members of the Jury, thank you for your attention today during my instructions on the law and the attorneys' closing arguments. We have now reached the time for you to begin your deliberations on this case. My warnings not to discuss the case among yourselves will no longer apply once you begin your deliberations. At that time, it will be your job to discuss the case and reach a verdict. However, my preliminary instruction that you are not to discuss this case with family members, friends, co-workers, the media, or anyone else, and that you are not to do any independent research about this case, still applies during your deliberations.

Specifically, during your deliberations, you should not discuss the case with, or provide any information about the case to, anyone. This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, blogging, an Internet chat room, or website. You may not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and then only while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

You should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

132

When you retire to the jury room, your first order of business will be to select one member of the jury to serve as your foreperson.  The foreperson will sign all communications with the Court, including the verdict form, and be your spokesperson here in Court.

If you need to communicate with me during your deliberations, such communication must be made in writing, in a note signed by your foreperson or one or more members of the jury.  You should give the note to the bailiff (the security officer who will be sitting outside the jury room).  I will respond to any notes as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.  I usually must consult with the attorneys before responding, and because that may take some time, you should continue to deliberate as you await a response.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing.  I will never communicate with any member of the jury on any subject touching the merits of the case, other than in writing, or orally here in open court.  You are never to reveal to any person—and must not include in any note to me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

You will note from the oath about to be taken by the bailiff that he, too, as well as all other persons, is forbidden to communicate in any way or manner with any members of the jury on any subject touching the merits of the case.

As I explained earlier, the Government must prove each of the essential elements of the charged crimes beyond a reasonable doubt.  Your function during jury deliberations is to weigh the evidence in the case and determine whether or not the defendants are guilty, solely on the basis of such evidence.  If the Government succeeds in meeting its burden, your verdict should be guilty; if it fails, it should be not guilty.  To report a verdict, it must be unanimous.

133

Each of you as a juror is entitled to your opinion. You should, however, exchange views with your fellow jurors. That is the very purpose of jury deliberations—to discuss and consider the evidence, to listen to the arguments of fellow jurors, and to present your individual views.

In reaching a unanimous verdict, it is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if you are convinced that it is erroneous. But if, after carefully considering all the evidence and the arguments of your fellow jurors, you have a conscientious view that differs from the others, do not surrender your honest conviction solely because of the opinion of your fellow jurors, because you are outnumbered, or for the mere purpose of returning a verdict.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous, reflecting the considered judgment of each and every one of you.

You will return your verdict by marking answers to the written questions in the Verdict Form which will be provided to you. Each answer is to be marked in the space provided after each question. It is your duty to answer each of the questions in accordance with the evidence in this case. Please follow the instructions on the Verdict Form carefully. The foreperson should mark the answers and sign and date the Verdict Form.

When you reach a unanimous verdict, send a note to me through the bailiff stating that you have reached a verdict, without stating the verdict itself. Do not send the Verdict Form. When

134

asked to do so, return to the courtroom and have your foreperson bring the Verdict Form with him or her.

135

93. (Duty to Consult and Need for Unanimity)

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict, it must be unanimous. Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case. But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

Sand, *Modern Federal Jury Instructions*, 9-7.