**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. TDC-18-0012 |
| MARK T. LAMBERT, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT MARK LAMBERT'S OPPOSITION TO
GOVERNMENT'S MOTION FOR ALLEN CHARGE**

Defendant Mark Lambert, through undersigned counsel, respectfully submits this opposition to the government's motion for an *Allen* charge (ECF No. 157).

The government claims that an *Allen* charge may be given even where the court has previously provided written instructions to the jury. However, *United States v. Ferrell*, 921 F.3d 116 (4th Cir. 2019), the only authority that the government cites to in support of its argument, is inapposite to the instant case. In fact, the jury in *Ferrell* never informed the Court that it was "deadlocked." *See Farrell*, 921 F.3d at 134 (noting that the "lawyers agreed that the jury had not indicated that it was deadlocked, and they did not dispute the court's characterization of the Jury Note as asking an 'abstract' question"). In this case, however, the jury has already, and specifically, communicated to the Court that it cannot reach a unanimous decision and presumably, by the time the Court needs to decide this issue, the jury will have done so for the second time.

Moreover, here, the jury has been able to repeatedly consult written Jury Instruction 73, which clearly explains the jury's deliberative process, since it has retired to deliberate. Thus, any further *Allen* charge would be unduly coercive and would actually have the improper effect of

supplanting the original instruction, which has been agreed upon by both the Court and the parties.

Finally, the government's characterization of *United States v. Sawyers*, 423 F.2d 1335 (4th Cir. 1970), as "outdated" is curious as *Sawyers* is routinely cited to by courts in this Circuit as a seminal case in the context of an *Allen* charge. And in fact, virtually every single 4th Circuit case that the government relies upon in its motion cites to *Sawyers*.

Accordingly, because of the aforementioned reasons, and as furtherset forth in Mr. Lambert's Letter to the Court (ECF No. 156), which is incorporated herein, Mr. Lambert opposes the government's proposed *Allen* charge as being unduly coercive and a misstatement of the law.

Dated: November 19, 2019

Respectfully submitted,

/s/ William M. Sullivan, Jr.
William M. Sullivan, Jr. (No. 17082)
Thomas C. Hill (No. 05703)
Fabio Leonardi (No. 07206)
1200 Seventeenth Street, NW
Washington, D.C. 20036
Telephone: (202) 663-8027
Facsimile: (202) 663-8007
wsullivan@pillsburylaw.com
thomas.hill@pillsburylaw.com
fabio.leonardi@pillsburylaw.com

*Counsel for Defendant Mark Lambert*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 30th day of September 2019, I electronically filed the foregoing pleading with the Clerk of the Court by using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

Dated: November 19, 2019                    Respectfully Submitted,

                                                           /s/   Fabio Leonardi
                                                          Fabio Leonardi, Esq.
                                                          1200 Seventeenth Street, NW
                                                          Washington, D.C. 20036
                                                          Telephone: (202) 663-8713
                                                          Facsimile: (202) 663-8007
                                                          fabio.leonardi@pillsburylaw.com