UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK T. LAMBERT,<br><br>Defendant. | Criminal Action No. TDC-18-0012 |

**MEMORANDUM ORDER**

Defendant Mark T. Lambert, a federal prisoner at the Federal Correctional Institution Butner ("FCI-Butner") in Butner, North Carolina, has filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 271. In his Motion, Lambert seeks release based on a variety of medical conditions, the risk of contracting COVID-19, and his post-sentence rehabilitation.

On November 22, 2019, Lambert was found guilty after a jury trial of one count of conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") and to commit wire fraud, in violation of 18 U.S.C § 371; four counts of violating the FCPA, 15 U.S.C. § 78dd-2 (2018); and two counts of wire fraud, in violation of 18 U.S.C. § 1343. On October 28, 2020, Lambert was sentenced to a total term of imprisonment of 48 months, to be followed by three years of supervised release.

**DISCUSSION**

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a

modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i) extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Lambert made a request for compassionate release to the Warden of FCI-Butner and that he has exhausted administrative remedies.

As to whether a sentencing reduction is "consistent with applicable policy statements issued by the Sentencing Commission," United States Sentencing Guideline ("U.S.S.G." or "the Guidelines") § 1B1.13 limits extraordinary and compelling circumstances to certain defined categories. Lambert urges the Court to apply proposed amendments to the Guidelines that would expand the range of extraordinary circumstances to include when a defendant "is suffering from a medical condition that requires long term or specialized medical care that is not being provided

2

and without which the defendant is at risk of serious deterioration in health or death." Proposed Amendment to U.S.S.G. § 1B1.13(b)(1)(C) (2023). Although those amendments are not yet in effect, the United States Court of Appeals for the Fourth Circuit has held that, under the present Guidelines, judges are not constrained by the terms of U.S.S.G. § 1B1.13 and may grant relief based on any extraordinary and compelling reasons that they find. *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). Thus, consistent with its approach on similar motions filed under the present Guidelines, the Court considers serious health conditions, including those covered by the proposed amendments, as conditions that could warrant a finding of extraordinary and compelling circumstances, regardless of whether they fit within the existing categories set forth in U.S.S.G. § 1B1.13. *See McCoy*, 981 F.3d at 281.

I. **Extraordinary and Compelling Reasons**

A. **Medical Conditions**

Lambert, who is 59 years old, argues that his present medical conditions constitute "extraordinary and compelling reasons" warranting a sentence reduction to time served, with the potential for home detention as a condition of supervised release. 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, Lambert focuses on his cardiac condition but also references glaucoma, gastro-esophageal reflux disease ("GERD"), and cervical disorder.

As to his cardiac condition, in summary, Lambert asserts that while in prison he has had symptoms of congestive heart failure, hypertension, swelling of his legs and eyes, angina, and shortness of breath and dizziness. He complains that the medical services at FCI-Butner, a "care level three" BOP facility designed to care for inmates who require a higher level of care and who may not be able to "do their activities of daily living," is inadequate to meet his needs. Sentencing Hrg. Tr. at 12–13, ECF No. 284-1. In particular, he notes that there is no staff cardiologist, that

3

he has had only one consultation with a cardiologist since he entered FCI-Butner in January 2022, and that appointment took place approximately one year after his arrival, in January 2023. Lambert argues that the medical care is significantly worse than described by a BOP official at his sentencing hearing.

Upon review of the submitted materials, including the medical records and affidavits provided by both sides, the Court does not find that Lambert's cardiac condition constitutes an extraordinary and compelling reason warranting release from BOP custody. The medical records reflect that Lambert has received regular medical attention for a variety of conditions during his time at FCI-Butner and that he is receiving numerous medications to address his heart and other conditions. For example, he is receiving medication for hypertension, and the blood pressure readings taken during his residence at FCI-Butner reveal that his hypertension is under control. Although the delay in securing a consultation with a cardiologist was not ideal, a review of the cardiologist's report reveals no basis to conclude that Lambert's heart condition is so severe that he cannot safely remain at FCI-Butner or in BOP custody. Among other findings, the cardiologist, Dr. Laura Doss of Duke Triangle Heart Association, found that Lambert "does not have severe enough disease for bypass," and she did not request or order any new medications for Lambert. Cardiologist Rep. at 6, Opp'n Ex. 3 at 251, ECF No. 284-3. Likewise, a review of the medical records and submitted materials relating to Lambert's other medical conditions do not demonstrate that Lambert's care as to these conditions is so inadequate that he is at serious risk if he remains at FCI-Butner or in BOP custody.

Finally, Lambert's claim that the emergency response time at FCI-Butner is so inadequate that he should be released from BOP custody entirely is unpersuasive. While Lambert objects to the fact that health care providers are only present in the minimum security camp in which he is

4

located during weekday business hours and that at other times medical providers must be summoned from another part of FCI-Butner, his proposed release plan is to reside in a private residence with no onsite medical care and to work as a manager for a distillery, without any apparent onsite medical care. The Court notes that to the extent that Lambert truly requires more medical attention than is presently available in his current designation, the solution is not to release him from BOP custody, but to transfer him to a care level four facility for those who are "seriously ill," require "skilled nursing," or have a "very chronic end-stage disease." Sentencing Hrg. Tr. at 13. Significantly, neither the cardiologist nor Lambert suggests that such a course of action is necessary.

For these reasons, the Court does not find extraordinary and compelling reasons warranting release from BOP custody based on Lambert's cardiac and other medical conditions.

### B. COVID-19

Lambert also argues that he is entitled to compassionate release because of COVID-19, based on medical conditions that place him at heightened risk, and he claims that he cannot receive vaccination against COVID-19 due to certain medical conditions. Generally, in the context of the COVID-19 pandemic, the Court has found that extraordinary and compelling reasons could exist when an inmate has a condition that places the inmate at high risk for severe illness from COVID-19, and the inmate is incarcerated within a prison in which there is imminent risk of contracting COVID-19. Although Lambert's heart condition alone places him in a high-risk category, Lambert has not shown how the present circumstances at FCI-Butner present an imminent risk. Even if Lambert is not or cannot be vaccinated, the fact that BOP introduced vaccination in its prisons approximately two years ago has substantially decreased the overall risk in such facilities. There is no evidence of an outbreak of COVID-19 at FCI-Butner or of any significant number of cases

among inmates. Under these circumstances, even considering Lambert's health conditions, the Court does not find that the present impact of COVID-19 on Lambert satisfies the requirement of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A)(i).

### C. Post-Sentence Rehabilitation

Finally, the Court finds that Lambert's additional proffered reason for a sentence reduction, his post-sentencing rehabilitation consisting primarily of taking classes and providing instruction to other inmates, while commendable is not remarkable. Such rehabilitation does not constitute "extraordinary and compelling reasons" to grant compassionate release. *Id.*

## II.    18 U.S.C. § 3553(a)

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Here, the nature and circumstances of this offense were very serious. As outlined during the sentencing hearing, Lambert was part of a conspiracy to commit fraud and pay bribes in relation to a highly sensitive program under which nuclear material from the former Soviet Union was transported for other uses to the United States. To have corruption within such a program, which has both foreign policy and public safety implications, is intolerable. Where Lambert played a key role as one of two leaders of the company paying the bribes, the nature and circumstances of the offense warranted a high sentence. Indeed, even with no criminal record, Lambert's Guidelines range was 151-188 months of imprisonment.

Although Lambert's health conditions and other personal characteristics warranted mitigation, the Court fully accounted for those factors, including the medical conditions he currently cites, by granting a substantial variance to the final sentence of 48 months. Indeed, in doing so, the Court fully accepted the severity of Lambert's medical conditions and gave what it

considers to be the lowest possible sentence consistent with the other § 3553(a) factors. Even considering Lambert's post-sentence rehabilitation, the Court reaches the same conclusion now. Among other factors, the Court considered the sentences of the other charged defendants, Vadim Mikerin and Daren Condrey, including the distinction that Lambert has never accepted responsibility for his crimes, and concluded that no lower sentence could avoid unwarranted disparities among similar defendants.

Thus, where the original Guidelines range was 151-188 months, the nature and circumstances of the offense require a significant sentence, and Lambert's health conditions were fully factored into the extremely lenient 48-month sentence, any sentence reduction now, particularly a sentence to time served which would amount only to approximately 16 months of imprisonment, would be entirely incompatible with the § 3553(a) factors and would be utterly inadequate to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and provide adequate deterrence both to Lambert and other similarly situated individuals. So even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not grant the requested sentence reduction. The Motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Lambert's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 271, is DENIED.

Date: June 12, 2023

THEODORE D. CHUANG
United States District Judge